June Term,
1860.

GORDON et al.
v.
MULHARE et al.

---

GORDON and another vs. MULHARE and another.

A mortgagee who has assigned the mortgage note, which was negotiable, to an innocent party, before due, as security for goods sold on the credit of the paper, has no right to enter of record a satisfaction of the mortgage, although the note was given without any consideration; and a court of equity will direct an entry of satisfaction made by him under such circumstances, to be vacated.

In an action by the assignee of such note to have such entry of satisfaction vacated, parol proof of the existence of the debt which the note was transferred to secure, was *held* sufficient, although it appeared that the assignor had given his own notes for the amount of such debt, which were not produced on the trial.

It is not necessary in an action to vacate such entry of satisfaction, that the court should ascertain or adjudge the amount for which the assignee of the note has a right to resort to the mortgage security. That question may remain until an action is brought to foreclose the mortgage.

APPEAL from the Circuit Court for *Dane* County.

On the 16th of September, 1856, *Mulhare* executed to one *Heeran* a note for $3,000, payable to him or bearer in one year from date, and a mortgage upon land in Dane county to secure its payment. On the 24th of November, 1856, *Heeran*, at the instance of *Mulhare*, entered satisfaction of the mortgage, of record. *Gordon* and *Fellows* filed their bill on the 26th of the same month, against *Mulhare* and *Heeran*, alleging that on the 29th of September previous, said *Heeran* had assigned the note and delivered it with the mortgage to them, to secure them for the sum of $709,69, then due to them from *Heeran*, and the further sum of $1,934,80 for goods which

*Heeran* then purchased from them and which they sold to him upon the credit of said note, in good faith, in the usual course of business; and praying that the satisfaction of the mortgage entered by *Heeran* might be vacated, and that when the note should become due, the mortgaged premises might, by a proper decree, be directed to be sold for its payment, &c. *Heeran* made default. *Mulhare* answered that he executed the note and mortgage to *Heeran* without any consideration, and when he was intoxicated, and that *Heeran* was to discharge the mortgage when a difficulty between *Mulhare* and his wife should be settled; that at the time *Heeran* discharged the mortgage he had no notice that *Heeran* had ever made any sale or transfer thereof, and he denied all the other allegations in the bill. Replication to the answer. On the hearing, which was in January, 1860, the depositions of one of the plaintiffs and of their clerk, were read, sustaining the allegations in the bill as to the delivery of the note and mortgage to the plaintiffs as security for the debts therein mentioned, and stating also that the debt contracted by *Heeran* at the time he negotiated the note, was still unpaid, and that a small balance of the previous debt remained due. It appeared also from the depositions, that at the time *Heeran* purchased the new bill of goods to the amount of $1,934,80, he gave three notes therefor, payable in three, four and five months from date.

When the depositions were offered in evidence, *Mulhare* moved the court to suppress such parts of them as tended to show any indebtedness of *Heeran* to the complainants, on the ground that it was shown by the depositions that the indebtedness was evidenced by notes, which were not produced or offered in evidence. The motion was overruled. *Mulhare* testified that the note and mortgage were given without consideration, as stated in his answer. The judge of the circuit court found the facts to be substantially as stated in the bill, and adjudged that the satisfaction of the mortgage entered by *Heeran* be vacated, but that the plaintiffs were not entitled to a foreclosure of the mortgage in this suit, because the note was not due at the time of filing the bill. *Mulhare* appealed.

*S. U. Pinney*, for appellant, argued that parol evidence was not competent to prove the indebtedness of *Heeran* to the plaintiffs until the absence of the notes was satisfactorily accounted for. The presumption is, that these notes were negotiable, and they may have passed into the hands of a *bona fide* purchaser. The best evidence that the nature of the case admits of must be produced. 1 Greenl. on Ev., § § 87–8; 3 Monroe, 247; id., 529; 1 Pet., 596; 11 Foster, 419. It is clear that the pledgees could not hold the pledge as security for a pre-existing debt (*Stalker vs. McDonald*, 6 Hill, 93); and the court should have ascertained by its decree the rights of the parties in this respect.

*Smith & Keyes*, for respondents.

November 19.   *By the Court*, COLE, J. It seems to us very clear that *Heeran* had no right to satisfy and discharge of record the mortgage mentioned in the pleadings in this case. He had already transferred and assigned that mortgage and the accompanying note, for a good and valuable consideration, to the respondents, to secure the payment of the debt he owed them. The note and mortgage were not due, and there was nothing to show that they were not executed to secure a *bona fide* indebtedness from *Mulhare* to *Heeran*. And the evidence incontestably proves that *Heeran* obtained from the respondents nearly two thousand dollars' worth of merchandize upon the strength of these securities, at the time he assigned and pledged them. Why, then, could not the respondents hold the note and mortgage to secure the payment of the amount advanced upon the strength of these securities, thus pledged before maturity for value and without any notice to the respondents of the character or purposes for which the note and mortgage were made? Assume that the respondents had no right to hold the note and mortgage, under the circumstances, to secure the payment of any pre-existing indebtedness from *Heeran*, still in law and equity could they not hold them for the then contracted indebtedness for which the securities were thus pledged? It seems to us there can be no kind of doubt about the right of the respondents to hold the mortgage and note for this purpose.

What if the note and mortgage were executed under the circumstances and for the object stated by *Mulhare* in his answer and testimony? Suppose *Heeran* paid no value for them, and as between him and *Mulhare* a court of equity would decree them to be delivered up and cancelled. Can a court of equity do this after the securities have passed into the hands of innocent *bona fide* holders for value before maturity, who have made advances and sold merchandize upon the faith and credit of these very obligations? Clearly not. *Mulhare* gave the note and mortgage voluntarily. He clothed *Heeran* apparently with a good title to them. The respondent sold goods to him upon the supposition that he owned them. And if either party must suffer loss from *Heeran's* fraud, equity requires that it should fall upon the appellant rather than the respondents, certainly to the amount of the debt contracted when these securities were pledged.

The counsel for the appellant contended that the circuit court erred in admitting evidence to prove the amount of the debt contracted at the time the mortgage was pledged and assigned, and insisted that the debt could only have been proven by the production of the notes themselves. We do not so understand it. This was a proceeding to have the satisfaction of the mortgage, which had been entered of record, vacated and set aside. That satisfaction had been entered by *Heeran* without any authority whatever. The respondents were entitled to have this discharge vacated and the mortgage declared a valid lien upon the mortgaged premises, upon showing the nature and character of their interest in it. They certainly could prove by parol the whole transaction, and the indebtedness for which the mortgage and note were pledged as security. When they came to foreclose the mortgage, it would be necessary to produce the notes or satisfactorily account for them. But they clearly established their interest in the mortgage, and their right to have the discharge vacated. And it was not necessary to produce the notes for this purpose. There was ample evidence that the notes belonged to respondents, and there was no testimony to the contrary.

It was further insisted that the circuit court should, in this proceeding, have adjudged that the mortgage was a lien only to the extent of the debt contracted at the time it was assigned and pledged. But it is manifest that it was not necessary to go into that matter in this case. When the mortgage is foreclosed, if ever it shall be, we presume the court will do right between all the parties, and give judgment of foreclosure only for the amount for which the respondents are entitled in equity to hold it as security.

The judgment of the circuit court is affirmed.