┌ 33   49┐
│ 42  404│

## H. S. BRANHAM *vs.* JAMES BEZANSON.

### January 3, 1885.

**Answer—Separate Defences.—**Allegations of title, and of the facts by which it was acquired, in one defence in an answer, *held* not to qualify the allegation of title in a previously-stated separate defence.

**Tax Sale—Purchase by Owner.—**The owner of real estate may become the purchaser at a tax sale. A claim of title under the tax sale is not inconsistent with a claim of title antecedent to it. [Rep.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, overruling a demurrer to the answer.

*Campbell & Odell*, for appellant.

*J. T. James*, for respondent.

GILFILLAN, C. J. Action under the statute to determine adverse claims to real estate, the complaint alleging plaintiff to be the owner and in possession. The answer first denies plaintiff's title, and, in a paragraph designated "second," alleges that defendant is the owner in fee-simple, and, in another paragraph designated "third," proceeds: "And for a third and further defence, the defendant alleges that this defendant is the owner in fee-simple of the real estate de-

v.33M—4

scribed, under a tax certificate"—then attempting to set forth a tax sale to one from whom defendant derived the title passed by the sale. There was a demurrer to the entire answer. The second paragraph alleges a complete defence, whatever may be the merits of the allegations in the third paragraph, unless the latter qualify the former; that is, unless the latter is to be taken as attempting to set forth how the title alleged in the former was acquired. It does not, on its face, purport to do so. On the contrary, it purports to set forth a "third and further defence,"—one independent of any other, and there is no necessary connection between the title alleged in the second paragraph, and the title, with the facts showing how it was acquired, alleged in the third. Under the tax laws, one already the owner of real estate may become the purchaser at tax sale, and he may afterwards rely on his antecedent title, or on the tax title, or on both. This claim of title under the tax sale, is no way inconsistent with a claim of title antecedent to it. The third "defence" does not qualify the allegation of title in the second.

Order affirmed.