RUDOLPH NUNNEMACKER *vs.* OLE J. JOHNSON.

May 11, 1888.

Pleading—Answer—Hypothetical Statements.—Hypothetical statements or admissions may be made in an answer, for the purposes of a special issue or separate defence.

Negotiable Instrument—Equitable Defence—Agreement to Transfer. A payee in a promissory note, who has agreed with the maker, for a valuable consideration, to transfer such note to a third person named by him, cannot, after full performance by the maker, turn around and enforce the collection thereof against him, in violation of his contract. Such executed agreement is a valid equitable defence both against the payee and his assignee with notice.

Same—Proof under General Denial.—The general denial, in the answer in this case, of all matters alleged touching the transfer and ownership of the note sued on, *held* sufficient to put in issue the transfer thereof to plaintiff, and his title thereto.

This action was brought in the district court for Hennepin county, upon a promissory note for $1,500, made by defendant to the order of N. C. Frederickson, and alleged in the complaint to have been indorsed and transferred to plaintiff, for value and before maturity. The answer admitted the making of the note, and pleaded the defences stated in the opinion. The plaintiff, having replied, moved for judgment on the pleadings. The motion was granted by *Young,* J., judgment was entered, and the defendant appealed.

*C. G. Laybourn* and *James V. McHugh,* for appellant.

*J. W. M. Pratt* and *Kitchel, Cohen & Shaw,* for respondent.

VANDERBURGH, J.   In paragraphs 2 and 3 of the complaint it is alleged that "afterwards, and before the maturity of the said note, the said N. C. Frederickson, for value received, sold, indorsed, and transferred and delivered the said note, in the usual course of business, to the plaintiff herein; that, ever since said sale, transfer, indorsement, and delivery, the said plaintiff has been and still is the owner and holder of the said note."   In the answer, "the defendant denies any knowledge or information sufficient to form a belief as to the allegations in said complaint contained in paragraphs numbered 2 and 3, and therefore denies the said allegations, and each thereof, and demands that plaintiff be put to strict proof of the same."   As a further and special defence, it is alleged that, prior to the maturity of the note, and while owned and held by the payee, Frederickson, the defendant entered into a contract with him, whereby the former agreed, in consideration of certain alleged services to be rendered for him by the defendant, to assign and transfer the note in question, together with a mortgage given by defendant upon real estate to secure the payment of the same, to the defendant's wife, and that plaintiff bought the note, if at all, with full knowledge of these facts prior to the transfer thereof to him, if any assignment was in fact made, "and after the maturity thereof, and after the making and performance of the contract aforesaid on defendant's part."

We think the answer was sufficient, as against a general demurrer or a motion for judgment upon the pleadings.

1. The denial referred to is, in substance, a general denial of all matters alleged in the particular paragraphs, and it goes, not to the form, but to the substance, of the allegations.   In the case of *Stone* v. *Quaal,* 36 Minn. 46, (29 N. W. Rep. 326,) the defendant denied each and every allegation in the complaint except the execution of the chattel mortgage.   Had the answer here denied each and every allegation except the making of the note, it would not have been materially different from that case, nor would the allegations of fact in the particular paragraphs in question have been more completely put in issue than they now are.   In the case cited (page 48) it was held

that not merely the time or place, but all the material facts alleged, were covered by the denial in the form used. Upon this point the same case overrules *Frasier* v. *Williams*, 15 Minn. 219, (288.) And compare *Pullen* v. *Wright*, 34 Minn. 314, (26 N. W. Rep. 394,) where the denials were clearly bad. The transfer of the note and plaintiff's ownership are put in issue.

2. The hypothetical statement in the second defence, that, if any transfer was in fact made, plaintiff had notice of the transactions and agreement between defendant and Frederickson, as alleged, was not a confession or admission of such transfer, for the purposes of the action, nor inconsistent with the first defence. This form of pleading is entirely proper, to enable a defendant to avail himself of his statutory right to plead all his defences. *Branham* v. *Bezanson*, 33 Minn. 49, (21 N. W. Rep. 861.) It is only for the purposes of the issue formed upon the new matter that the defendant assumes to make the hypothetical admission or statements, and, for such purposes, it is well settled that such mode of pleading is allowable. *Ketcham* v. *Zerega*, 1 E. D. Smith, 553, 561.

3. Assuming the facts alleged in the second defence to be true, Frederickson, after the performance of the contract by defendant, it is clear, had no other right or duty in the premises except to transfer the note and accompanying security to defendant's wife, as he had agreed to do. The defendant was entitled to insist on the terms of the contract as agreed on with him. It may be presumed that it was a matter of importance to him that the assignee named should hold the securities, instead of a stranger. The case is not different from what it would be if defendant had paid to Frederickson the full amount of the note, and, instead of cancelling the debt and mortgage, the parties had agreed that they should be transferred to the nominee of the defendant. He would have no right to turn around and collect the note of defendant, or to transfer the securities to another. That would be a violation of or in fraud of the agreement with him, and the defendant may therefore insist upon the agreement as an equitable defence, which the court ought to recognize as valid, both as against the payee and his assignee with notice.

Judgment reversed, and case remanded for trial.