H. S. MILLER *vs.* W. H. ADAMSON and another.

December 17, 1890.

**Replevin—General Averment of Title—Evidence Admissible.**—In replevin, the plaintiff may allege generally that he is the owner and entitled to the possession of the property, and, under it, prove any right of property, general or special, that entitles him to possession; as, for example, a chattel mortgage and a breach of its conditions which, by the terms of the instrument, entitles the mortgagee to possession.

**Same—Waiver of Demand before Suit.**—If the defendant executes a bond, and requires a return of the property from the sheriff, and in his answer

denies plaintiff's title and right of possession, and alleges right of possession in himself, it constitutes a waiver of the failure of plaintiff to make a demand before suit.

**Practice—Verdict against Two Defendants—Joint Motion for a New Trial.**—Where two defendants make a joint motion to have the verdict against them set aside and for a new trial, it is not error to deny the motion if the verdict is justified as to either defendant.

Replevin for two horses, brought in the district court for Hennepin county. At the trial before *Rea, J.*, the jury found for plaintiff, and assessed the value of the property at $175. The defendants jointly appeal from an order denying their joint motion for a new trial.

. *Merrick & Merrick,* for appellants.

*Little & Nunn,* for respondent.

MITCHELL, J. In replevin, the plaintiff is not required to plead specially the source of his title, or the particular facts which entitle him to the possession of the property. He may allege generally that he is the owner and entitled to the immediate possession, and, under that, prove any right of property, general or special, that entitles him to such possession. In replevin, the term "owner" does not necessarily import general or absolute ownership. The action being one for the possession, it is what may be called the "possessory title" that is important. Hence, under the general allegation in plaintiff's complaint that he was the owner and entitled to the possession, it was competent for him to prove a chattel mortgage on the property from the owner to himself, and a breach of its conditions that, by the terms of the instrument, entitled him to the possession of the mortgaged property. It could make no difference whether the condition broken was one for the payment of the debt or some other.

2. By their joint answer, the defendants denied plaintiff's title and right of possession, and alleged a right of possession in the defendant Adamson, as agent for one Charles E. Adamson, who, they alleged, held a chattel mortgage on the property. They do not ask in their answer for a return of the property, but the record shows that they had rebonded it under the statute, and retook it from the sher-

iff. Such acts constituted a waiver of any demand for the property by plaintiff, being wholly inconsistent with the idea that they would have surrendered possession had a demand been made. It is immaterial that they claimed the possession as agents for another, and not in their own right. We have had occasion so recently to consider this whole question as to when a demand before suit is necessary, in *Guthrie* v. *Olson,* 44 Minn. 404, (46 N. W. Rep. 853,) that further consideration of it is unnecessary.

3. The question whether the evidence was sufficient to justify a verdict against defendant Heath is not open to him on this record. This appeal is from an order denying a joint motion to set aside the verdict, and for a new trial, generally, as to both defendants. No separate motion to dismiss the action or for a new trial was made by Heath. Hence, if the verdict was justified as to one of the defendants, the motion to set aside as to both was properly denied.

4. The instruction of the court that, in case they found for the plaintiff, they should not assess the value of the property greater than the amount due him on his mortgage at the time of the trial, was so manifestly correct that it requires no discussion. Upon the evidence, the issues of fact under the pleadings, the main one of which was the identity of the property, were questions for the jury. The other assignments of error are not of sufficient moment to require special consideration.

Order affirmed.