## BROWN v. VAN METER.

### (Circuit Court of Appeals, Eighth Circuit. June 25, 1894.)

### No. 376.

CHATTEL MORTGAGES—TITLE AND POSSESSION — ABSOLUTE BILL OF SALE—RE-PLEVIN.

In an action for possession of personal property, by one alleging title and right to possession, defendants pleaded a bill of sale from plaintiff to them, alleging that it was an absolute conveyance, and produced evidence to sustain their allegations. Plaintiff admitted that he executed the instrument set forth, but gave evidence that it was a mortgage. *Held,* that such evidence did not change the legal effect of the instrument on the question at issue, under Mansf. Dig. Ark. § 4754,—in force in the Indian Territory,—which provides that, in the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession.

## In Error to the United States Court in the Indian Territory.

The defendant in error, John Van Meter (hereafter called the plaintiff), brought an action for the possession of personal property against Lizzie Brown and Ben Brown (hereafter called the defendants) in the United States court in the Indian Territory, and obtained the judgment which this writ of error is brought to reverse.

He alleged in his complaint, which was filed May 23, 1889, that he was the owner and entitled to the possession of the property, and that the defendants unlawfully detained it from him. The defendants answered that the defendant Lizzie Brown had purchased of the plaintiff, and he had conveyed to her by a bill of sale, a large portion of this property, in March, 1887. The plaintiff replied that the bill of sale was not made to convey the property, but was for the purpose of securing certain rents that might become due from him to the defendant Lizzie Brown. On the trial there was evidence tending to prove that the bill of sale was an absolute conveyance of the property, and, on the other hand, that it was made to secure the rents, and not as the evidence of a sale.

C. L. Herbert, for plaintiff in error.

S. O. Hinds, N. A. Gibson, W. B. Johnson, A. C. Cruce, and Lee Cruce, for defendant in error

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Under the statutes of the state of Arkansas, which were in force in the Indian Territory (26 Stat. 95), the mortgagee in a chattel mortgage which contains no provisions to the contrary holds the title to, and the right of possession of, the mortgaged chattels, as against the mortgagor, until the mortgage debt is paid. Section 4754 of Mansfield's Digest of the Laws of Arkansas provides that, "in the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto and the right of possession." Jones, Chat. Mortg. § 426.

The court below charged the jury that if the instrument in writing, from the plaintiff to Lizzie Brown, was not executed for the purpose of conveying the title to the property therein de-

scribed, notwithstanding said instrument might have been intended as a mortgage, the jury would find for the plaintiff. The statement of the case, and the statute we have quoted, demonstrate the error of this charge. An effort is made to sustain it on the ground that the defendants could not hold the property in this action, under the bill of sale, if it was in fact a subsisting mortgage, because, in their answer, they declared upon it as an absolute conveyance. Let us see. The allegations of title and right to the possession in the complaint gave the plaintiff the right to prove any claim to the property that gave him the right to possession. Miller v. Adamson, 45 Minn. 99, 47 N. W. 452. The defendants pleaded the plaintiff's bill of sale to the defendant Lizzie, and alleged that it was an absolute conveyance of the property. On the trial they produced evidence tending to sustain these allegations, and the plaintiff admitted that he executed the instrument set forth in the answer. Now, that instrument was as complete a defense to this action, under the statutes of Arkansas, if it was a subsisting mortgage, as it was if it was an absolute conveyance. The evidence that it was a mortgage was not produced by the defendants, but by the plaintiff. That evidence did not change the legal effect of the instrument upon the question at issue,—the right to the possession of the property in question; and the defendants were entitled to a peremptory instruction to that effect, just as they would have been entitled to an instruction that any immaterial evidence produced by the plaintiff, such as that the bill of sale was a deed or a lease, or any other instrument whose legal effect gave them the right of possession, would not defeat the right which the instrument that they had pleaded and proved vested in them.

It is undoubtedly true that if the plaintiff had proved, under proper pleadings, that the bill of sale was a mortgage, and that the debt that it was given to secure had been paid before the commencement of the action, he might have recovered. A chattel mortgage is without force or effect after the mortgage debt is paid, and the title and right of possession is in the mortgagor from the moment of payment. It is unnecessary to consider whether or not the pleadings were such as to warrant evidence of the payment of the mortgage debt, for the case must be retried, and this question will undoubtedly not recur.

The judgment below is reversed, with costs, and the cause remanded, with directions to grant a new trial.