HENRY BAER v. HENRY E. KLOOS and Another.[1]

October 18, 1900.

Nos. 12,279—(43).

**Joint Appeal—New Trial as to Both Defendants.**

> Where, in an action in tort, brought against two defendants, the verdict is against one, but is in favor of the other, and they join in an appeal from an order of the district court granting plaintiff's motion for a new trial as to both, the order must be affirmed if it was right as to either.

**Hicks v. Stone Followed.**

> The well-known rule established in Hicks v. Stone, 13 Minn. 398 (434), *held* in point as to one of the defendants, and, because of the joint appeal, applicable as to the other.

Action in the district court for Carver county to recover $3,350 damages for assault and battery.   The case was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiff and against defendant Henry E. Kloos, and in favor of defendant Louis C. Kloos.   From an order granting a motion for a new trial, defendants appealed.   Affirmed.

*H. J. Peck*, for appellants.

*W. C. Odell*, for respondent.

COLLINS, J.

Action in tort against two defendants; the verdict being in favor of one but against the other in the sum of $226.66.   The court below then granted plaintiff's motion for a new trial as to both defendants, and the latter join in an appeal to this court.

Plaintiff's motion was based on the three grounds specified in the fourth, fifth, and seventh subdivisions of G. S. 1894, § 5398.   There is nothing in the record tending to indicate upon which of these

[1] Reported in 83 N. W. 980.

grounds the trial court placed its order, but it is evident that there was no reversible error in law occurring at the trial. The order appealed from must be affirmed. The appeal being taken by defendants jointly from an order granting a new trial as to both, must be affirmed as to both if it was right as to either. See Miller v. Adamson, 45 Minn. 99, 47 N. W. 452; McKasy v. Huber, 65 Minn. 9, 67 N. W. 650. And, without stopping to consider the merits of this case as to the defendant against whom the verdict was rendered,—which verdict, it is possible, should not have been disturbed,—it is obvious that as to the other defendant the evidence was not "manifestly and palpably in favor of the verdict" in his behalf. In fact, counsel for defendants concedes in his brief that "upon every question before the court on the motion for a new trial the evidence was about equally divided between the plaintiff and defendants," and again, "Upon all the questions of fact entering into the verdict, an examination will show the evidence was conflicting and equally divided."

It follows that, under the well-known rule (Hicks v. Stone, 13 Minn. 398 [434]), the order appealed from must be, and is hereby, affirmed.