JENNIE M. WEHRING v. MODERN WOODMEN OF AMERICA.[1]

January 22, 1909.

Nos. 15,989—(105).

**Life Insurance.**

Action to recover on a beneficiary certificate issued by defendant, in which the plaintiff was named as the beneficiary. The issue was whether the insured was dead. Verdict for the plaintiff.

*Held*, that the record does not raise any question of the sufficiency of evidence to support the verdict; that the trial court did not err in denying the defendant's motion to postpone the trial on account of an absent witness, nor in receiving parol evidence of the contents of a published notice in reference to the disappearance of the insured, nor in refusing defendant's requests for instructions to the jury, which, so far as they were correct, were covered by the general charge.

Action in the district court for Ramsey county to recover $1,000 upon a benefit certificate. The case was tried before Brill, J., and a jury which on March 5, 1908, returned a verdict in favor of plaintiff for $1,048.33, and a stay of forty days was entered. On May 2, 1908, defendant moved for judgment notwithstanding the verdict or for a new trial. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

Portions of the charge to the jury were as follows: "It is a principle that where a person has been continuously absent from his home or place of residence for a period of seven years or more, and his absence is unexplained, and no tidings have been received from him by any of those who would be likely to receive such tidings, it is presumed that he is dead, and it is upon this presumption that the plaintiff relies and seeks to recover in this case." * * * "The burden is upon plaintiff to establish the case by a fair preponderance of the evidence, that is, it must appear by the evidence that Daniel Wehring has been absent from his home and usual place of residence for at least seven years, that no tidings have been received from him during that period by those who would be likely to have received such tidings, and that his absence is unexplained. If these facts appear

[1] Reported in 119 N. W. 245.

in the case to your satisfaction, the presumption arises that he is dead and the plaintiff is entitled to recover. If, on the other hand, the evidence fails to satisfy you upon any one of these points, then the plaintiff is not entitled to recover. That presumption does not arise.

*Benj. D. Smith* and *Percy D. Godfrey,* for appellant.

*H. A. Hageman,* for respondent.

START, C. J.

The defendant is a fraternal association, and on March 14, 1892, it issued its benefit certificate in the sum of $1,000 to Daniel Wehring, the then husband of the plaintiff, wherein she was named as the beneficiary. She brought this action in the district court of the county of Ramsey to recover the amount of such certificate. The complaint alleged the execution of the certificate and that the insured was dead. The answer admitted the execution of the certificate, but denied that the insured was dead.

On the trial of the issue there was no direct evidence of the death of the insured; but there was evidence tending to show that he left his home more than seven years next before the commencement of the action, that his absence was unexplained, and no tidings of or from him had been received. The issue was submitted to the jury with appropriate instructions, and on March 5, 1908, a verdict returned for the plaintiff. It appears from the record that the motion for judgment notwithstanding the verdict or for a new trial was made; but it does not appear that the trial court ever considered the motion on its merits. On the contrary, it may be fairly inferred from the record that the court declined to so hear the motion because it was not seasonably made. Judgment was entered on the verdict on May 12, 1908, from which the defendant appealed.

No question of the sufficiency of the evidence to sustain the verdict is attempted to be raised by any assignment of error except the sixteenth, which is to the effect that the court erred in refusing to grant the defendant's motion for judgment or a new trial. There is nothing in the record to base this assignment upon, if it is intended to raise the question of the sufficiency of the evidence; for the motion was never heard on its merits. It follows that the question whether the verdict is sustained by the evidence is not before us, and that only

such other assignments of error, as are urged in appellant's brief are before us for consideration.

1. The first alleged error urged by the defendant is that the trial court erred in denying its motion to reset or continue the case to enable it to procure the attendance of a witness residing in Chicago, or to take his deposition. The motion was addressed to the discretion of the trial court. The affidavit upon which the motion was based stated that Martin Mohoney, residing in Chicago, had been interviewed by a disinterested person, who was not named in the affidavit, and that he would testify that he saw the insured at Chicago within five years then last past. The affidavit also stated the steps taken by defendant's counsel to get into communication with Mohoney, but it was indefinite in important particulars. The opposing affidavit disclosed facts tending to show that, if the city directory of Chicago had been examined, Mohoney's name and street number could have been readily found. Upon a full consideration of the affidavits we are of the opinion that the trial court did not abuse its discretion in denying the motion.

2. The plaintiff called as a witness the clerk of Camp No. 674 of the defendant, located at St. Paul, of which the insured was a member. The witness testified to the effect that a notice of the disappearance of the insured, with a request for information from any one knowing of his whereabouts, was prepared by the witness at the request of the plaintiff; that he mailed it to, and it was published in, a newspaper, the official organ of the defendant, known as the "Modern Woodman," published at Indianapolis, Indiana; that he read the notice in his copy of the paper, which he did not preserve; that his camp did not keep files of the paper; that he inquired of one or two clerks of other camps whether they kept files of the paper, and was answered in the negative; and, further, that he did not know of any such files in this state. He was then asked to state the substance of the notice that was so published. The defendant objected to the question as immaterial and no foundation laid. The objection was overruled, and the witness answered the question. The ruling is assigned as error. The question whether a sufficient foundation for the admission of secondary or parol evidence of the contents of a writing has been laid is a preliminary one for the trial judge, whose decision thereon will not be

reversed on appeal, unless it is manifestly against the weight of the evidence and to the injury of the appellant. City of Winona v. Huff, 11 Minn. 75 (119); Yorks v. Mooberg, 84 Minn. 502, 87 N. W. 1115; Wigmore, Ev. § 1252. The degree of proof required to lay the foundation for secondary or parol evidence of the contents of a written instrument depends upon the circumstances of each particular case, such as the character of the instrument, its relation to the issue, and whether the original is within or without the jurisdiction of the court. Where the instrument is the foundation of the action or defense, stricter proof should be required than in a case where the existence and contents of a writing are only incidentally or collaterally involved. See 17 Cyc. 508. Now in the case under consideration the original writing was the notice sent out of the state to the Modern Woodman for publication. The published notice was not the foundation of the plaintiff's action, but only a collateral fact relevant to the question of diligence in making inquiry for the whereabouts of the insured. It would seem that in such a case it would not be necessary to lay any foundation. 21 Am. & Eng. Enc. (2d Ed.) 1087. The evidence, however, was ample to sustain the decision of the trial judge to the effect that a proper foundation had been laid for the admission of the parol evidence. It was not error to receive it.

3. The remaining assignments of error relate to the refusal of the trial court to give certain requests for instructions to the jury. Such requests related to the presumptions arising from the unexplained absence of a person from his home for a period of more than seven years and the law applicable to such a case. Some of the requests were correct in form and substance. Others were incorrect or argumentative, and liable to mislead the jury. We have compared the requests with the instructions given by the court to the jury, and find that all of the defendant's requests which it was entitled to have given to the jury were substantially and fairly given in the general charge. It follows that it was not error to refuse the requests, or any of them.

The court directed the jury, in case they found for the plaintiff, to allow interest from May 18, 1907, when proofs were made and liability denied by defendant. This is claimed to be error, for the reason that no interest should be allowed before a verdict. The court was correct.

Judgment affirmed.