## CARRIE COOKSON AND OTHERS v. F. L. HILL AND OTHERS.[1]

### June 18, 1920.

### No. 21,778.

**Pleading — hypothetical defenses not admissions of matter in complaint.**
1. Defenses hypothetically pleaded are not to be construed as admissions of the allegations of the complaint to which they are directed, upon which findings of fact may be predicated.

**Evidence — transcript in foreign court — foundation insufficient.**
2. On the facts stated in the opinion it is *held* that there was no abuse of discretion by the trial court in holding that the foundation for the introduction of secondary evidence was insufficient.

**Cross-examination of defendants.**
3. There was no reversible error in the limitations on the cross-examination of the several defendants who were called by plaintiff for that purpose.

**Findings sustained.**
4. The findings of the trial court are sustained by the evidence and the record presents no reversible error.

Action in the district court for Blue Earth county in behalf of all the creditors of Culver Mining Company, Limited, to recover from the stockholders in that corporation the amounts unpaid upon their respective stock subscriptions. The second paragraph of the opinion refers to the allegations in the answers. Plaintiff's motion to strike out certain

[1]Reported in 178 N. W. 591.

allegations of the answers as sham and for judgment upon the pleadings, was denied. The case was tried before Comstock, J., who made findings and ordered judgment in favor of defendants. Plaintiffs' motion to amend the findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Patrick J. Ryan,* for appellants.

*S. B. Wilson, A. R. Pfau* and *Healy & LaDu,* for respondents.

BROWN, C. J.

The Culver Mining Company, Limited, a corporation, was engaged in mining operations in the state of Idaho during the years 1911 and 1912. Debts were contracted and not paid. Plaintiffs in this action were creditors, and the assignees of other creditors, and brought an action against the company in the courts of that state to recover the same; they had judgment therein on January 27, 1915, in the sum of $3,658.51, which has not been paid. Plaintiffs thereafter brought this action in this state to enforce the stockholder's liability created by the statute law of the state of Idaho, alleging in the complaint that the corporation was organized under and pursuant to the laws thereof, and that, at the time the indebtedness in question was created, defendants were stockholders and that the stock held by them had not been paid in full. The statute of the state of Idaho, upon which the alleged liability is predicated, is set out in the complaint, by which stockholders in corporations organized in that state are made liable for corporate debts created during the period of their stock ownership to the full amount of the unpaid par or face value of the shares so owned. The par value of the stock in this corporation was one dollar per share, and the complaint alleges that only four cents per share was paid for the shares issued to defendants. Judgment was demanded accordingly.

Defendants McKenzie and Keefe admitted that at one time they were owners of stock in the corporation, but alleged that they paid full par value therefor, denying all other allegations of the complaint. The other defendants denied generally the ownership of any of the stock, and in addition thereto hypothetically pleaded certain matters in avoidance and

defense, not necessary more particularly here to mention, all of which so far as deemed material were put in issue by the reply.

The cause was tried without a jury, at the conclusion of which the court made findings to the effect that defendants Keefe and Beach had paid par value for all stock owned by them, and that none of the other defendants were at any time the holders of any of the stock of the company. As conclusions of law judgment was ordered in favor of defendants and each of them.

Plaintiffs moved for amended findings or a new trial, which was denied. Judgment was entered as directed by the findings and plaintiffs appealed.

The assignments of error are many, but the questions presented are few. It is not claimed by plaintiffs that the evidence submitted on the trial justified a finding that any of the defendants, other than Holman, Keefe and Beach, were the holders of any of the stock of the corporation. But it is claimed that the answer joined in by all the defendants except Keefe, McKenzie and Forest, properly construed, admits such ownership, and that thereon the court below should have found the fact accordingly. It is also claimed that the stock ownership by Holman conclusively appears, and that the court erred in finding to the contrary. It is further claimed that there was reversible error in the exclusion of certain evidence offered by plaintiffs, and in the rulings of the trial court restricting the examination of the several defendants, who were called for cross-examination under the statute.

These several contentions present the principal questions urged in support of the appeal, though one or two other points are made and will be referred to in their order. None of the questions require extended discussion, or present error for which a new trial should be granted.

1. The joint answer of several of the defendants contained, in addition to a specific denial of stock ownership, various matters in defense, hypothetically pleaded, and to the effect that if any of the stock was ever owned by defendants it was acquired from one Culver, and was paid for in full by services rendered the corporation, which the corporation accepted; that, if any such stock was ever issued to defendants,

it was void as unauthorized by the corporation; and further that, if any of the defendants were ever the owners or holders of any of the stock, they were not such owners at the time the indebtedness in question was contracted by the corporation.

Whatever admissions of stock ownership, if any, may be spelled out of or implied from the allegations referred to, and others not stated, the answer will be searched in vain for an admission that it existed during the period covered by the indebtedness due to plaintiffs. In fact denial of such ownership during that time is expressly made. Unless they held stock at that time there is no liability under the Idaho statute. But the denials found in the answer are altogether too specific to be overcome as a matter of legal inference from the hypothetical method of presenting other special defenses or supposed defenses. Nunnemacker v. Johnson, 38 Minn. 390, 38 N. W. 351; McKasy v. Huber, 65 Minn. 9, 67 N. W. 650.

2. There was evidence to the effect, at least tending to show, that defendant Holman was the owner of the company stock at the time in question, though of a secondary character. Holman, under cross-examination by counsel for plaintiffs, expressly denied such ownership, thus presenting to the trial court a question of fact, in the determination of which we discover no sufficient reason for interference.

There was no error in the rulings of the court in the admission or exclusion of evidence on this branch of the case. Justin H. Wixom, an attorney residing in Idaho, and associated with plaintiffs' counsel on the trial below, was called as a witness in their behalf, through whom it was sought to show that Holman as a witness on the trial of an action pending in the state of Idaho gave evidence therein to the effect that he was in fact the owner of stock in the corporation. Wixom was one of the attorneys in that action and attempted to state from recollection the substance of the evidence given by Holman on that trial. He had before him a transcript of the reporter's notes, taken on the trial, but was not permitted to testify therefrom. There was no error in that ruling. The reporter's transcript was not admissible in evidence, for it was in no manner vouched for by him, and the attempt of witness Wixom to read therefrom, for such was the substance

of what the witness was attempting to do, was properly prevented by the trial court in response to objections by defendants.

3. The deposition of witness Culver, formerly secretary of the corporation, but no longer connected with the company or its affairs, was offered in evidence and for the most part excluded as inadmissible secondary evidence. It was sought to show by the witness that defendants were stockholders in the corporation. The witness had no personal recollection on the subject, and attempted to use in support of his testimony a list of stockholders, claimed to have been taken from the books of the company by his nephew, who was a clerk in the office, and subsequently verified by the witness. The court ruled that the stock books were the best evidence and should be produced, or the inability of the witness or plaintiffs to produce them affirmatively shown. The witness did not know where the books were, and plaintiffs disclosed no sufficient effort to obtain them. They were not shown to be out of jurisdiction of the court; in fact, the inference to be drawn from the testimony of the witness tends to show that they were within the state. He testified that the last he heard of the books they were taken to St. Paul or Mankato. It seems that there was a reorganization of the company, under the name of the Amy Matchless Mining Company. Presumably the old books were taken over by the new concern, and witness thought that they were either in St. Paul or Mankato. But, wherever the books may have been, it is not claimed that defendants had any control of them, nor shown that the officers of the new concern were beyond the reach of process in this state. Clearly there was no abuse of discretion in the ruling of the trial court that the foundation for secondary evidence was insufficient. 1 Dunnell, Minn. Dig. § 3313; Slocum v. Bracy, 65 Minn. 100, 67 N. W. 843; Wehring v. Modern Woodmen, 107 Minn. 25, 119 N. W. 245. Efforts claimed to have been made to procure the books for use in the courts of the state of Idaho in litigation there pending, furnished no basis for secondary evidence in this state, or as tending to show that the books could not be found in this state.

4. Plaintiffs on the trial called the several defendants for cross-examination under the statute, and complaint is made that the examina-

tion was unduly and prejudicially restricted by the rulings of the trial court. In that we do not concur. In response to direct questions each defendant denied stock ownership in the company. Plaintiffs had wholly failed to tender any competent evidence that the defendants were such owners, and as a last resort undertook the production thereof by the indirect method of cross-examination. In view of the clear denial of stock ownership by each of the defendants concerned in this branch of the case, we are clear that plaintiffs were in no way substantially prejudiced by any of the rulings complained of, which served merely to avoid a long and what apparently would have been fruitless effort to bring from the defendants some statements inconsistent with their specific denials.

5. The assignments of error presenting other questions have all been considered, with the result that no reversible error is found. The refusal of the court to strike out certain of the allegations of the answer joined in by all the defendants except Keefe, McKenzie and Forest, as sham and inconsistent, or to require defendants to elect on which particular allegation or defense they would rely at the trial, is now of no importance. Plaintiffs failed to make a case for recovery, and defendants were not called upon to present their defense; they offered no evidence at all, and the refusal of the court to strike out the answer or require an election in no way hampered or hindered plaintiffs in the proof of their case or the trial of the action. Whether the answer was objectionable, as containing inconsistent defenses, is now a moot question and requires no further attention.

The findings of the trial court are sustained by the evidence, the record presents no reversible error, and the judgment appealed from must therefore be affirmed.

It is so ordered.