## BELLE CITY MALLEABLE IRON COMPANY v. H. T. CLARK.[1]

November 4, 1927.

No. 26,233.

**Finding sustained that guaranty was not made with plaintiff.**

1. Evidence *held* sufficient to support a finding that the guaranty set forth in this decision was not made with the plaintiff, but was made with the Racine Steel Castings Company.

**Legal entity of corporation not destroyed because another corporation owns all its stock.**

2. The ownership of all the capital stock in one corporation by another corporation does not destroy the legal entity of the former corporation; nor does the lack of directors and officers, in itself, effect a dissolution of the corporation.

**Property and rights of corporation belong to it and not to its stockholders.**

3. The property and the rights of a corporation belong to it as a legal entity, distinct from its stockholders.

**Special guaranty is limited to the party addressed.**

4. Under a special guaranty, only the party to whom it is addressed, or one clearly embraced within its terms, may act thereon and acquire advantage therefrom.

**When parol evidence of judicial record is admissible.**

5. The trial court did not err in receiving parol evidence of the contents of a judicial record, the same being only collaterally involved.

**Unambiguous guaranty cannot be varied by parol.**

6. A contract of guaranty, like any other contract, cannot be varied by parol where its terms or meaning are not ambiguous or uncertain.

Corporations, 14 C. J. p. 52 n. 23; p. 53 n. 26; p. 57 n. 51; 14a C. J. p. 1114 n. 93.
Evidence, 22 C. J. p. 1016 n. 78; p. 1112 n. 44.
Guaranty, 28 C. J. p. 940 n. 83.

See 7 R. C. L. 27; 2 R. C. L. Supp. 286; 4 R. C. L. Supp. 462; 6 R. C. L. Supp. 429.
See 12 R. C. L. 1095; 2 R. C. L. Supp. 1550; 5 R. C. L. Supp. 675.

[1]Reported in 215 N. W. 855.

Plaintiff appealed from a judgment of dismissal of the district court for Hennepin county, Guilford, J. Affirmed.

*Fowler, Carlson, Furber & Johnson* and *C. A. Taney, Jr.* for appellant.

*Elijah Barton* and *Fred B. Shearer,* for respondent.

QUINN, J.

Action to recover upon a written contract of guaranty executed by the defendant, H. T. Clark, to the Racine Steel Castings Company, in September, 1924, whereby the defendant agreed to become responsible to that company for any goods which it might ship to the Igo Manufacturing Company of Kenosha, Wisconsin. The cause was tried to the court, findings of fact made, and judgment of dismissal ordered. Judgment was so entered, from which plaintiff appealed.

The plaintiff is a Wisconsin corporation engaged, among other things, in the manufacture and sale of malleable iron castings at Racine, Wisconsin. The Racine company is a Wisconsin corporation, organized for the purpose of manufacturing steel castings at Racine. The Igo Manufacturing Company is an Illinois corporation with its place of business at Kenosha, Wisconsin, and the defendant Clark is a stockholder therein. The witness C. S. Anderson is the manager for the plaintiff.

The evidence is sufficient to sustain the findings of the trial court that said corporations existed and transacted business as above indicated; that the plaintiff became the owner of all of the capital stock issued by the Racine company, but that the entity of the latter was maintained and the manufacture of steel castings carried on by plaintiff in the name of the Racine company in a separate plant from that of the plaintiff; that the contract of guaranty here involved was made by a letter signed "Racine Steel Castings Company," written and mailed at Racine, Wisconsin, addressed to H. T. Clark, the defendant, at Aurora, Illinois, and a letter written, signed and mailed at Aurora, Illinois, by defendant in answer, addressed to "Racine Steel Castings Company" at Racine, as follows:

"Aurora, Illinois, U. S. A. 9-5-24
"Racine Steel Castings Co.,
"Racine, Illinois [Wisconsin].

"Gentlemen:

"Replying to your letter of Sept. 3rd—I agree to become personally responsible for the payment of any goods you may ship to the Igo Mfg. Co. until further notice.

"Very truly yours, .
"H. T. Clark.";

that the goods for which recovery is sought were manufactured by plaintiff in the Racine company plant; that all bills of lading and invoices for goods were made in the name of the Racine Steel Castings Company; that the accounts thereof were kept separate from the accounts of plaintiff in books bearing the name "Racine Steel Castings Company." The court further found as a matter of law that such contract of guaranty was not made with the plaintiff, but was made with the Racine Steel Castings Company, a corporation, and that the plaintiff was not entitled to recover thereon, and entered an order of dismissal, and judgment was so entered.

It is well settled by the adjudicated cases that the ownership of all the capital stock in one corporation by another corporation does not destroy the legal entity of the former corporation. 14 C. J. 53; In re Watertown Paper Co. (C. C. A.) 169 F. 252-256; Button v. Hoffman, 61 Wis. 20, 20 N. W. 667, 50 Am. R. 131; Erickson v. Minnesota & Ontario Power Co. 134 Minn. 209, 158 N. W. 979. Nor does the lack of directors and officers, in itself, effect a dissolution of the corporation. 3 Fletcher, Cyc. Corp. § 1748; 2 Thompson, Corp. (3 ed.) §§ 1165, 1166, 1496. It follows that the Racine company remained a legal corporation, wholly distinct and separate from the plaintiff. It is the rule that the property and the rights of a corporation belong to it as a legal entity, distinct from its stockholders. 14 C. J. 57.

Under a special guaranty, such as the one above set forth, only the party to whom it is addressed, or one clearly embraced within

its terms, may act thereon and acquire any advantage therefrom. Walsh v. Bailie, 10 Johns. (N. Y.) 179 (180) ; 28 C. J. 940; Tidioute Sav. Bank v. Libbey, 101 Wis. 193, 77 N. W. 182, 70 A. S. R. 907; Crane Co. v. Specht, 39 Neb. 123, 57 N. W. 1015, 42 A. S. R. 562; Second Nat. Bank v. Diefendorf, 90 Ill. 396; Taylor v. Wetmore, 10 Ohio, 491; Evansville Nat. Bank v. Kaufmann, 93 N. Y. 273, 45 Am. R. 204.

The trial court did not err in receiving parol evidence of the contents of a judicial record where it was only collaterally involved. 22 C. J. 1016; Wehring v. Modern Woodmen of America, 107 Minn. 25, 119 N. W. 245; Gordon v. Mulhare, 13 Wis. 22 (24). A contract of guaranty, like any other contract, cannot be varied by parol where its terms or meaning are not ambiguous or uncertain. Crane Co. v. Specht, 39 Neb. 123, 57 N. W. 1015, 42 A. S. R. 562.

Affirmed.