ORRIN KIPP *vs.* CARL BULLARD and another.

December 16, 1882.

**Ejectment—Proof of Homestead Exemption under General Denial.—** Where a complaint in ejectment alleges title in plaintiff, without disclosing an execution sale as a means by which it was acquired, the defendant, under a general denial in the answer, may show that such a sale, relied on in the proofs, was void by reason of the land having been a homestead.

**Homestead—Selection.—**When the land sold on the execution consisted of a farm of 160 acres, and was sold as one tract, and there was a homestead upon it, and the part to be held as such was not selected by the party entitled, nor set apart by the sheriff, the sale was void as to the whole; following *Ferguson* v. *Kumler*, 25 Minn. 183; 27 Minn. 156.

Appeal by plaintiff from an order of the district court for Sibley county, *Macdonald,* J., presiding, refusing a new trial.

*S. & O: Kipp,* for appellant.

*O'Brien & Wilson* and *G. D. Emery,* for respondents.

GILFILLAN, C. J.　The action is in ejectment.　The complaint alleges title and right to possession in plaintiff, without disclosing the source of his title.　The answer denies plaintiff's title, and alleges title in the defendant Carl Bullard.　On the trial plaintiff attempted to make out title through an execution sale under a judgment against Gottlieb Bullard, the husband of defendant Caroline, and father of defendant Carl.　The land sold consisted of 160 acres, on which Gottlieb lived with his family as their homestead at the date of docketing the judgment against him, and to and at the date of his death; and Caroline, his widow, continued to occupy it with her family from the death of Gottlieb to the time of the trial.　No selection of any part of the land for a homestead was made by the widow or any of the family, and none was set off to them by the sheriff, but the whole 160 acres was sold as one tract.

At the trial plaintiff objected to defendants proving the fact of homestead, on the ground that it was not pleaded in the answer, which objection was overruled and the proof admitted.　This is now alleged as error, and it is insisted that where a homestead right is relied on to defeat a plaintiff's claim of title in an action of ejectment, the defendant must set it up in his answer.　This would be true where the complaint alleged an execution sale as the means through which plaintiff claimed title.　But it is not true where the complaint merely alleges plaintiff's title generally, without disclosing by what means he acquired it.　The defendant in such case is not bound to anticipate what the plaintiff will rely upon to establish his allegation of title, but, when plaintiff's proofs are in, may disprove, or show that for any cause the plaintiff did not, by means of the facts so proved, acquire the title.

As decided by this court in *Ferguson* v. *Kumler,* 25 Minn. 183; 27 Minn. 156, the omission of defendants to select 80 acres for a homestead did not affect the homestead right.　That right still existed. The judgment was not a lien on the homestead.　Laws 1860, *c.* 95, § 1; Gen. St. 1878, *c.* 68, § 8.　And although, where the quantity of land exempt is included in a larger tract, the sheriff may levy on

the whole tract, such levy does not subject the homestead to the lien of the judgment, nor give the right to sell it. The part of the tract so levied on which is exempt, or rather the part which is subject to the lien of the judgment and liable to sale, is to be ascertained before the sale. The statute in such case gives to the party entitled to the exemption the right, in the first instance, to do this, (section 3, chapter 68;) and it is clearly the duty of the sheriff to call upon him to exercise the right. But in case the party, after being so called on, omit to designate the specific land which he regards as his homestead, how is it to be ascertained? How is the sheriff to know what part of the tract levied on he may sell? It would seem that, from the necessity of the case, the sheriff must ascertain it himself; and as that requires the setting apart as a homestead of the quantity of land allowed, including the dwelling-house, the sheriff must do that. The failure of the party to do it, when called on, would be taken as his consent that the sheriff do it for him. The case, so far as relates to the validity of the sale, is precisely like *Ferguson* v. *Kumler*, in which such a sale was held void as to the entire tract, there being no *data* from which to determine what part was exempt and what part not exempt.

Order affirmed.