DONAHUE vs. THOMPSON.

*April 14 — May 15, 1884.*

Boundaries of land — Adverse possession — Pleading — Evidence.

1. If two adjacent owners agree upon and establish a dividing line between their lands, and actually claim and occupy the land to that line on each side continuously for twenty years, their possession is adverse and creates title by prescription. *Tobey v. Secor, ante,* p. 310.

2. Evidence of such location of the boundary line and occupation, is admissible where the title is put in issue by the pleadings, although adverse possession is not specially alleged.

APPEAL from the Circuit Court for *Manitowoc* County. The case is sufficiently stated in the opinion.

*G. G. Sedgwick,* for the appellant.

*J. S. Anderson,* for the respondent.

ORTON, J. The material question in this case is one of boundary between lot 3, claimed by the defendant, and lot 6, claimed by the plaintiff, in block 111, in the city of Manitowoc.

The plaintiff obtained a warrant for the arrest of the defendant upon an affidavit charging him with breaking and entering upon lot 6, the close of the plaintiff and in his possession, and doing damage thereon. On the return before the justice the plaintiff filed his complaint charging that the defendant wrongfully entered the premises of the plaintiff, and tore down fences, injured the grass, trees, and shrubs, and did other damage thereon. The defendant answered by a general denial, and alleging title in himself to the *locus in quo.* Thereupon the cause was removed to the circuit court, because the title to land was in question. The action was commenced in April, 1882, and the trespass is alleged to have been committed on the 20th day of said month. The cause was tried in the circuit court before a jury, and the court directed a verdict for the plaintiff of nominal damages.

The facts are not disputed, so far as the entry upon the *locus in quo*, and the several ownership and possession of the plaintiff of lot 6, and of the defendant of lot 3, in block 111, contiguous to each other on an east and west line, are concerned. The defendant admitted that he entered upon the disputed strip and put up a fence on its south line, and removed a fence, or the remnant of a fence, from the north line of such strip, which constituted the alleged trespass, and defended on the ground that he put up such fence on the true line between lot 3 and lot 6. It is true, the defendant attempted to show title to lot 3 by a tax deed, concerning which several questions were raised, but it was quite immaterial, as there was no contest whatever about the title of the lots, but only of their boundary. In order to show such boundary the plaintiff introduced evidence which tended strongly to show that one Edwards, his grantor, went into the possession of lot 6 in 1857 or 1858 under color of title; and, jointly with the occupants of the adjoining lots on the north, established what was then supposed to be the true line, east and west, between them, and built a fence thereon, and dug a well in common on the same, and that Edwards built a barn near such line, or so that the fence came within a few inches of one corner of the barn, and somewhat over one foot at the other corner north of the barn. This barn was so located that about one half of it is adjacent to lot 4 and the other half adjacent to said lot 3. This fence was supposed to have been built on the true line, according to then existing monuments. That fence and barn both remained in the same place (the fence subject to natural decay and necessary repairs) from that time to the time when the fence was removed by the defendant and re-established so far south that it comes about the center of the barn. The evidence for the plaintiff tended to show further that said Edwards had broke up and cultivated lot 6 up to the said fence, and set out a row of currant bushes along the same,

and that he remained in undisputed possession thereof until the plaintiff went into such possession, and has so remained ever since, and that there has never been any question or contest about that being the true boundary line in all that time.

The objection made to this evidence, that it raised the question of adverse possession of twenty years without the same being pleaded by the plaintiff, is technical rather than substantial; for it would make no substantial difference whether it showed adverse possession, or the practical location of the boundary line of said lots by the adjacent owners which had been acquiesced in by them for over twenty years. The plaintiff sufficiently pleaded his title by alleging it directly in his affidavit for a warrant, and alleging the trespass to have been on *his* premises in his complaint; and the defendant, on general denial and the allegation of title in himself, obtained a removal of the cause to the circuit court. Adverse possession and prescription are matters of title, for either of them confer title.

The testimony on behalf of the defendant of a survey to ascertain the true line is not at all satisfactory, for a survey would be required to ascertain whether the starting. points in such survey were correct. The surveyor himself testified that in making it " he did not find any point known to him as an original monument in the city of Manitowoc." The *data* upon which he made the survey need verification to make the survey of any use as evidence of a true boundary.

The questions upon which the several exceptions were taken on the trial are subordinate to this one substantial issue, and are not material to the right and justice of the case.

The evidence was certainly very strong that the old fence was placed, and has been continued, where it was when disturbed by the defendant on what has always been considered as the true line, and for over twenty years. This case, in its material facts and in the law governing it, is quite analo-

gous to and nearly parallel with the case of *Tobey v. Secor*, *ante*, p. 310, and that case must rule this as the very best authority, and we refer to the opinion in that case for other authorities applicable to this. It is sufficient that the following language of the opinion in *Bader v. Zeise*, 44 Wis., 96, cited in the opinion in that case, is closely and clearly applicable to both: "If two adjacent or coterminous proprietors agree upon and establish a dividing line between their premises, and actually claim and occupy the land on each side of that line continuously for over twenty years, such possession will be *adverse*, and confer a *title* by prescription."

We think that the circuit court was warranted by the evidence in directing a verdict for the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.