(Opinion published 51 N. W. Rep. 662.)

---

## David A. Stuart *vs.* Thomas Lowry.

Submitted on briefs Dec. 17, 1891. Decided March 15, 1892.

| | |
|---|---|
| 49 | 91 |
| 65 | 192 |
| 49 | 91 |
| 70 | 208 |
| 49 | 91 |
| 86 | 102 |
| 86 | 167 |
| 86 | 221 |

**Action to Determine Adverse Claims—Pleading and Proofs in.—In** an action under the statute to determine an adverse claim to real estate the defendant is called upon to disclose by his answer the nature of his claim or title, which thereupon becomes the subject of adjudication. If he sets up a legal title, his proof must be confined to a claim of that character. If the claim is an equitable one, equitable rules and principles must govern.

**Equitable Title not to be Shown, if Legal Title Only is Pleaded.—** Under an averment of ownership in fee, he will not be permitted to show on the trial that he has succeeded to an equitable title or interest, or to reach property held in trust.

Appeal by plaintiff, David A. Stuart, from an order of the District Court of Hennepin County, *Hooker*, J., made August 3, 1891, denying his motion for a new trial.

Frederick G. Mayo on October 25, 1878, owned the southeast quarter of section twenty-five, (25,) township thirty, (30,) range twenty-four, (24,) in Anoka County, Minn., and lying about two miles northeast of Minneapolis. On that day he made his note and a mortgage on the land to E. F. Rollins to secure the payment of $2,000 and annual interest at eight per cent. per annum, and due three years thereafter. Rollins on February 18, 1879, at Mayo's request, assigned the mortgage to his brother Reuben M. Mayo, but delivered the note, mortgage, and assignment to Frederick G. Mayo, the mortgagor.

On March 7, 1879, at Osceola, Wis., Reuben Mayo assigned the mortgage to S. W. Farnham and Jas. A. Lovejoy. The instrument of assignment was acknowledged before Henry B. Dike, Esq., Court Commissioner, Polk County, Wisconsin. This officer had no seal of office. No certificate of the Clerk of Court was attached to the certificate of acknowledgment as required by 1878 G. S. ch. 40, § 9. This assignment was recorded however on June 7, 1880, in Anoka Registry of Deeds. The mortgage was foreclosed by these assignees under the power of sale in it, and they became on February 25, 1882, the purchasers of the land at the Sheriff's sale for $2,780, and received the Sheriff's certificate. The land was not redeemed, and they on December 12, 1885, sold and conveyed it to Winthrop Young for $16,000. Young sold and conveyed the land May 5, 1886, to the defendant, Thomas Lowry, for $14,000. His deed was recorded May 10, 1886. Before buying, Lowry went to see the property. Mayo was living on it, and showed it to Lowry, and told him Young owned it and desired to sell it.

On May 1, 1886, Frederick G. Mayo conveyed the land to the plaintiff, David A. Stuart, by quitclaim deed, which was duly recorded on May 3, 1886. Stuart executed a contract with Mayo on May 10, 1886, by which he agreed to pay him one half of any money he might collect of Farnham or the estate of Lovejoy, and by which he also agreed to reconvey to Mayo one half of the land in case he succeeded in establishing title to it. In 1888, Lowry brought eject-

ment against Frederick G. Mayo, who still remained in the actual occupation of the land. That action terminated in favor of Mayo, the defendant therein, because the foreclosure of the mortgage was invalid. That was so held on the ground that the assignment to S. W. Farnham and Jas. A. Lovejoy was not entitled to record for absence of a proper acknowledgment and clerk's certificate. *Lowry* v. *Mayo*, 41 Minn. 388.

This action was brought by Stuart under 1878 G. S. ch. 75, § 2, claiming to own, and be in possession of the land, and stating that Lowry claimed some estate or interest in it adverse to plaintiff. Lowry answered denying that Stuart owned the land or had any interest or estate in it, and alleged that defendant is the owner in fee simple of the land, and the whole thereof, and that plaintiff's pretended estate, interest, and title are false and fraudulent and should be set aside. The venue was laid in Anoka County, but was changed by consent to Hennepin County. On the issues thus made the case went to a first trial in 1889, and it was determined in this court on appeal, 42 Minn. 473, that Stuart, the plaintiff, was not estopped by the representations of his grantor, Mayo, as Lowry did not act upon the representations until several days after Stuart had obtained his deed from Mayo. The second trial was had August 5, 1890, before the court without a jury. Findings of fact and conclusions of law were made and filed directing judgment to be entered that plaintiff's title be quieted to the undivided one half of the land subject to the payment of one half of the mortgage, and that defendant's title to the other half be quieted, free and clear of all claim of the plaintiff thereto.

The plaintiff moved the court for additional findings and also moved for a new trial, both motions were denied, and plaintiff appealed to this court from the denial of his motion for a new trial.

*E. E. Cooley* and *W. E. Akers*, for appellant.

The decision of the trial court was based on the grounds assigned by the Judge that Mayo conveyed the land to Stuart in trust only, and that Mayo was estopped by the facts from asserting his title as

against Lowry. That as Stuart holds only in trust, he is also estopped from asserting as against defendant, title to the undivided half going to Mayo. After the plaintiff had proved his legal title to the land under a deed from Mayo, the defendant undertook to prove a legal title in himself under a foreclosure of the mortgage made by Mayo. The court held against the defendant on this claim of title, but supported the defendant's claim to an equitable title by estoppel. The appellant claims that the record fails to show either an estoppel as against Mayo or a trust as against Stuart. And if there is a failure in either, the order appealed from should be reversed.

The mortgage foreclosure proceedings were void and passed no title in the land to S. W. Farnham and J. A. Lovejoy, because of the defective record of the assignment made by Reuben M. Mayo to them. The record was defective because the assignment was not duly acknowledged and certified so as to entitle it to be recorded. The court commissioner for Polk County, Wisconsin, was not authorized by the law of Minnesota to take and certify the acknowledgment. The certificate of acknowledgment was not authenticated by the officer's seal nor by any certificate of his official character. *Lowry* v. *Mayo*, 41 Minn. 388; *Stuart* v. *Lowry*, 42 Minn. 473.

There is no estoppel as against Mayo, and if none against Mayo, none against Stuart. The words relied upon as constituting the estoppel are in the testimony of defendant. He says he saw Mr. Mayo and talked with him about the land; that Mayo told him that Mr. Young owned it and wanted to sell it, and that Mayo advised him to see Mr. Young about buying it. That these words were spoken, Mayo denies, and in this denial he is corroborated by Mrs. Loveland. But assuming that they were spoken as stated by Lowry, we think they are not sufficient, under the circumstances, to create an estoppel against Mayo to deny the validity of the foreclosure proceedings. Lowry's attorney actually examined the records for him and reported to him a good title in Winthrop Young. If Lowry did not examine the record he could, and should have done so, and was guilty of gross negligence if he did not, and whether he did, or did not, he was chargeable with notice of what it contained.

In *Bigelow* v. *Topliff*, 25 Vt. 273, it is held that no estoppel will

arise in the absence of actual fraud, unless the purchaser was not only ignorant of the true state of the title, but had no means of acquiring knowledge by a recourse to the record. To the like effect is the case of *Carter* v. *Champion,* 8 Conn. 554; *Brant* v. *Virginia Coal & Iron Co.,* 93 U. S. 326.

Defendant did not plead an equitable title. All the testimony introduced by the defendant to establish a trust and an estoppel was irrelevant to the issues made by the pleadings. The defendant claimed in his answer to hold the legal title. He failed to establish in himself the legal title. He had no right to prove an equitable title of any kind. He could establish an estoppel in this case as against Stuart, only by proving a trust in Stuart and an estoppel against Mayo. To all the testimony that tended to prove a trust in Stuart the plaintiff objected as irrelevant and immaterial. If the defendant would recover under an equitable title he must in his answer set up the facts constituting it. *Duford* v. *Lewis,* 43 Minn. 26; *Tidd* v. *Rines,* 26 Minn. 201; *Merrill* v. *Dearing,* 47 Minn. 137; *Hoppough* v. *Struble,* 60 N. Y. 430; *Crary* v. *Goodman,* 12 N. Y. 266; *Gibson* v. *Chouteau,* 13 Wall. 92; *Groves* v. *Marks,* 32 Ind. 319; *Morris* v. *McClary,* 43 Minn. 346.

An equitable estoppel should in all cases be pleaded, and any other equity in aid of such estoppel. The facts constituting the equitable title should be set out in the answer. This has been the statutory law since the beginning of code practice. A party is under the practice entitled to have notice through the answer of the precise nature of the defense.

*Koon, Whelan & Bennett,* for respondent.

The legal effect of the contract made between Mayo and Stuart was to leave Mayo invested with a one-half interest in the land, which he had in form conveyed to Stuart. The obligations of that contract Stuart could not evade. He had acquired whatever title he held by virtue of that contract, and whenever the agreement evidencing that contract was put in proper form it related to it and governed the rights of all the parties from the time the first act under the contract was performed.

If Mayo could have conveyed by a·deed, or by any other written instrument, the interest which he had in the land under the contract with Stuart, he could, by his words and conduct, if another person acting in good faith was induced thereby to purchase the land in reliance upon such words and conduct, as effectually divest himself of such title as he had, and convey the same by estoppel to the person who would otherwise be, by his words and conduct defrauded.

That the doctrine of equitable estoppel should be applied in such cases and that title to land may be so conveyed we think is clearly established by the following, among other cases: *Doe dem. Morris* v. *Rosser*, 3 East, 15; *Shaw* v. *Beebe*, 35 Vt. 205; *Merritt* v. *Horne*, 5 Ohio St. 307; *Rangely* v. *Spring*, 28 Me. 127; *Stevens* v. *McNamara*, 36 Me. 176; *Bigelow* v. *Foss*, 59 Me. 162; *Beaupland* v. *McKeen*, 28 Pa. St. 124; *Com.* v. *Shuman's Adm'rs*, 18 Pa. St. 343; *Brown* v. *Wheeler*, 17 Conn. 345.

In states like Minnesota, where under the Code equity is administered by the courts of law, there is no reason why an equitable estoppel may not be enforced in an action to determine adverse claims. Under the Code of this state an equitable estoppel need not be pleaded. Bigelow, Estop. 585; *Caldwell* v. *Auger*, 4 Minn. 217, (Gil. 157;) *Coleman* v. *Pearce*, 26 Minn. 123; *Stoddard* v. *Chambers*, 2 How. 284; *City of Cincinnati* v. *White*, 6 Pet. 431; *Dickerson* v. *Colgrove*, 100 U. S. 578; *Kirk* v. *Hamilton*, 102 U. S. 68; *Brown* v. *Bowen*, 30 N. Y. 519.

VANDERBURGH, J. ·· Upon the former appeal in this case, 42 Minn. 473, (44 N. W. Rep. 532,) it was determined that the representations of Mayo, plaintiff's grantor, to defendant, constituting the basis of an estoppel against Mayo from setting up any claim to the land in controversy, were insufficient to bar plaintiff's claim of title to the land under his deed from Mayo, acquired before the alleged representations were acted on. This action is brought by the plaintiff under the statute alleging ownership and possession to determine the adverse claim of defendant to the quarter section of land in controversy.

·The defendant was called upon to disclose by his answer the nature of his claim, which would thereupon become the subject of ad-

judication. But the answer simply denies plaintiff's title and possession, and alleges that the defendant "is the owner in fee of said land, and of the whole thereof, and that plaintiff's pretended estate, interest, and title thereto are fraudulent, and should be set aside and annulled." The most that can be said of the general allegation of title by defendant is that he has the legal title to the whole tract. The answer clearly confined the defendant to proof of a legal title. It is not necessary for the plaintiff, in his complaint, to anticipate or state the nature of the adverse claim. It is for the defendant to disclose the nature of his claim in his answer, and thereupon a case is presented for the determination of the court, upon the pleadings and proofs, as to the validity of such claim as against the plaintiff. Plaintiff will be entitled to judgment upon the bare proof of actual possession, unless the defendant is able to establish the title or claim set forth in his answer. "If his claim rests upon a legal title to the property, the sole question for determination is as to the sufficiency of such title, as against the plaintiff's possession, under the rules of law applicable to questions of that character. If the claim is an equitable one, equitable principles and rules must govern in its determination; and in settling the rights of the parties in respect thereto the court may exercise its equity powers in granting whatever relief the nature of the case, upon the facts, may require, upon such terms and conditions as may be necessary to do complete justice." *Barber* v. *Evans,* 27 Minn. 93, (6 N. W. Rep. 445.) And in *Walton* v. *Perkins,* 28 Minn. 415, (10 N. W. Rep. 424,) it is said that the defendant in such case "becomes practically the plaintiff, and takes the affirmative in pleading and proof;" and his pleading is in the nature of a complaint setting forth his claim against the plaintiff.

It is clear that if the claim or title relied on is an equitable one the facts must be pleaded, and cannot be shown under an allegation of title and ownership in fee. *Merrill* v. *Dearing,* 47 Minn. 137, (49 N. W. Rep. 694.)

It is obvious that the answer was drawn upon an entirely different theory of the case from that upon which the second trial and decision proceeded. The defendant evidently claimed that his deed of the land from Young was valid because Mayo was estopped to

dispute its validity, that plaintiff was bound by the same estoppel, and that his legal title was unimpaired by the subsequent deed of Mayo to plaintiff. Upon the second trial, upon the same issue, he claimed the right to establish by evidence the existence of a trust relation between plaintiff and Mayo, under which plaintiff held title to one half the land in trust for Mayo, and that the deed from the latter to plaintiff was made with a secret parol agreement and understanding, at the time of its execution, that one half the land was to be so held in trust for Mayo. And the court received the evidence, and finds thereon that in pursuance of such agreement between the parties the deed was executed and delivered to plaintiff on the 1st day of May, and recorded on the 3d day of May, 1886, and that a written contract between them, expressing the agreement referred to, was executed on the 10th day of May, 1886, which secured to Mayo the equitable title to one half the land, though still standing in the name of plaintiff. Defendant purchased the land on the 5th day of May, and recorded his deed on the 10th day of the same month.

The rules of pleading and evidence cannot safely be disregarded. Assuming that the defendant had acquired a good title as against Mayo, on the ground of estoppel, he could only reach his interest in the hands of plaintiff by a suit in equity, and he was bound to set up the facts showing himself entitled to such relief.

This would have given the plaintiff notice that Mayo was a necessary party, unless it was made to appear that the question of his rights in the land had already been adjudicated. Upon the first trial the claim was that plaintiff stood in the shoes of Mayo, and was bound by the estoppel. Here the claim is that Mayo is bound by the estoppel, and that the defendant is therefore entitled to reach the land in plaintiff's hands, which in equity belongs to Mayo.

The evidence was improperly received, and the record does not warrant the findings and decision in the case. *Merrill* v. *Dearing*, *supra*.

Whatever the ultimate rights of the parties may be, the plaintiff was entitled to have the evidence and findings confined to the case made by the pleadings. The embarrassment, not to say injustice, which would result from an opposite practice, must be apparent.

For example, in this case the plaintiff is held bound by the evidence of an estoppel against Mayo, and the title of the eighty acres of land is adjudged to be in the defendant, though Mayo is not a party, and the question of the estoppel is still open and at large between him and the defendant, so that plaintiff may be liable, upon his contract with Mayo of May 10, 1886, to convey the same land to him.

Order reversed.

(Opinion published 51 N. W. Rep. 662.)