MINERVA FREEMAN v. JOSEPH BREWSTER and Another.[1]

November 23, 1897.

Nos. 10,899—(112).

Ejectment—Equitable Title as Defense—Pleading.

Where a defendant in an action of ejectment brought by a plaintiff who has legal title to the real property in controversy depends upon an equitable title as a defense, he must set up and allege his equities in his answer so fully and completely that a court of equity would, under the old practice, have granted him adequate relief and have confirmed his

[1] Reported in 72 N. W. 1068.

right of possession as against the holder of the adverse legal title. Williams v. Murphy, 21 Minn. 534, and other cases, followed.

Same—Evidence.

Tested by this rule, the answer in this action put in issue nothing but the legal title to the premises, as the same was alleged in the complaint; and the court erred when, upon the trial and against plaintiff's objection, it permitted defendants to introduce evidence tending to establish an equitable title to the land in controversy.

Appeal by plaintiff from an order of the district court for Polk county, Ives, J., denying a motion for a new trial. Reversed.

*Thomas R. Benton* and *H. Steenerson,* for appellant.

Plaintiff having alleged and proved a legal title defendants cannot prevail by showing an equitable title. McClane v. White, 5 Minn. 178 (190); Williams v. Murphy, 21 Minn. 534; Merrill v. Dearing, 47 Minn. 137; Stuart v. Lowry, 49 Minn. 91. Defendants have not sufficiently pleaded their equitable title to entitle them to recover upon proof of an equitable title. Corbett v. Wood, 32 Minn. 509; Williams v. Murphy, supra; Smelting v. Kemp, 104 U. S. 636; Baldwin v. Stark, 107 U. S. 463; Bohall v. Dilla, 114 U. S. 47; Lee v. Johnson, 116 U. S. 48; Johnson v. Towsley, 13 Wall. 72; Minnesota v. Davis, 40 Minn. 455; Winona v. Ebilcisor, 52 Minn. 312. It is not enough for defendants to show that the patent ought not to have been issued to plaintiff's grantor, but they must go further and show that it should have been issued to them. Smelting v. Kemp, supra; Lee v. Johnson, supra; Bohall v. Dilla, supra; Johnson v. Towsley, supra; Steele v. Smelting, 106 U. S. 447. Plaintiff's title resting upon the national patent and the deed of the state, defendants can prevail only by alleging and proving a deprivation of rights by the error or misconduct of the officers issuing the patent or deed. Johnson v. Towsley, supra; Smelting v. Kemp, supra; Lee v. Johnson, supra; Durango v. Evans, 80 Fed. 425.

Two things are essential to the right to compensation for improvements under G. S. 1894, § 5849. The party must have taken possession in good faith under color of title in fee, and must, while thus in possession, have made improvements previous to the actual notice

of the claim upon which the action against him is founded. Wheeler v. Merriman, 30 Minn. 372; McLellan v. Omodt, 37 Minn. 157.

*Wm. Watts,* for respondents.

The averment of title in the railway company is in general terms, and is appropriately put in issue by the general denial in the first paragraph of the answer. Kipp v. Bullard, 30 Minn. 84; 7 Enc. Pl. & Pr. 340, 341; St. Paul v. Broulette, 65 Minn. 367; St. Paul v. Greenhalgh, 26 Fed. 563; St. Paul v. Greenalgh, 139 U. S. 19.

COLLINS, J.

This was an action of ejectment, 40 acres of land being involved. The complaint alleged that on and prior to July 24, 1895, the St. Paul, Minneapolis & Manitoba Railway Company, a corporation, was the owner in fee of this tract; that upon this day said corporation duly sold, and by warranty deed duly conveyed, the premises to plaintiff; that she has ever since been and now is the owner thereof, and was and is lawfully entitled to possession; and that defendants are wrongfully and unlawfully in possession, which they refuse to surrender. From this complaint it appeared that plaintiff held the legal title. The first paragraph of the answer contained a general denial of the allegations that the railway corporation was or ever had been the owner in fee or otherwise of the 40; that plaintiff was or ever had been the owner thereof, or entitled to possession; or that defendants wrongfully or unlawfully held possession. The second paragraph of this answer was in the following language:

"Second. Further answering, defendants aver that they went into possession of the lands in the complaint described in the month of January, 1877, and have remained in possession ever since that time; and that defendant Joseph Brewster went upon the same at that time, with the intention to acquire title thereto under the homestead laws of the United States, and did at the United States land office, at Crookston, Minnesota, make homestead entry No. 8,590 for the same on the 9th day of April, 1883, and has ever since that time held the said land under his said homestead entry."

The third paragraph related to the improvements upon the 40 acres averred to have been made, under color of title, in good faith, and while in possession, by defendant Joseph; while the fourth and final paragraph was in these words and figures:

"Fourth. Defendants further aver that by virtue of special laws of the legislature of the state of Minnesota, approved March 1, 1877, defendant Joseph Brewster is entitled to and claims the said land under the said settlement and filing, under the land laws of the United States."

At the trial plaintiff's counsel rested after establishing the legal title in their client. It appeared that the land in controversy was a part of the land grant acquired by a railroad corporation under the acts of congress found in 11 Stat. 195, 13 Stat. 362, and 16 Stat. 588. It had been duly patented by the general government in trust to the state of Minnesota, by the latter duly certified to the railroad corporation, and then duly conveyed to plaintiff. Plaintiff's counsel then objected to any testimony upon the part of defendant in support of the allegations found in the second and fourth paragraphs of the answer heretofore quoted, the objection being overruled and the ruling excepted to. Counsel also objected to defendants' introduction in evidence of the certificate of entry of the land at the local land office under the homestead act of the United States, as alleged in said second paragraph, and especially objected to evidence tending to show a settlement or residence upon this land by the defendants prior to March 1, 1877, or subsequent thereto, and the fact or value of improvements said to have been made by defendants while in possession of the land.

These objections were all upon the ground that the affirmative matters set forth in the second, third, and fourth paragraphs of the answer were insufficient to constitute a defense, and that the only issue made by the pleadings was as to the legal title.

The trial court overruled these objections, and permitted a large amount of evidence, verbal and documentary, to be introduced by defendants, tending to show that prior to March 1, 1877, defendant Joseph settled on the land in question with an intention to make a homestead entry under the laws of the United States; that he was an occupant of the land on the passage of an act of the legislature of Minnesota (Sp. Laws 1877, c. 201, as amended by Sp. Laws 1878, c. 71), which act specially prohibited the St. Paul & Pacific Railway Company, to whose rights the corporation before mentioned succeeded, from assigning or becoming seised of any right, title, inter-

est, claim or demand in or to any tract or parcel of land lying within the granted or indemnity limits of the railway line upon which any person had in good faith settled and made or acquired valuable improvements on or before the passage of the act, which was March 1, 1877; that on April 9, 1883, said Joseph made a homestead entry at the local land office upon said land, and, by virtue thereof, had ever since resided upon the same; and that from the time of his settlement, in January, 1877, he had made improvements of a value estimated at from $250 to $900.

The trial court erred in overruling the objections made by counsel, for, under the pleadings, the only issue was as to the legal title. The answer failed to set up an equitable defense, and counsel was really obliged to concede this upon the argument. The facts stated in the second and fourth paragraphs were insufficient to show either that defendant Joseph was entitled to make an entry of this land under the homestead act, or that he ever settled upon it for that purpose, or that he had occupied or resided upon it for a single day. It was not alleged that on or prior to March 1, 1877, when chapter 201, supra, took effect, he had settled upon the land, or made or acquired any improvements. There was a total absence of allegations which would bring defendant Joseph within the provisions of the homestead act or the statute of 1877, as well as a total failure to set up any equities in the land which would be available as a defense in an action of ejectment brought by one having the legal title. In fact, the pleader did not in the fourth paragraph specify what legislative act he relied upon to escape the operation of the land grant.

It was held in Williams v. Murphy (1875) 21 Minn. 534, that in an action of ejectment brought by the owner of the legal title to real estate a defendant may, in his answer, set up his equities so far as they relate to the right of possession, and that these equities may be litigated in the action. But, to prevail against the plaintiff's legal right to possession, the equities pleaded as a defense must be such that, under the former practice, a court of equity would, upon a bill filed setting up the facts, have enjoined the legal owner from proceeding at law, and so have kept the defendant in possession. This was but an amplification of what had previously been said in McClane v. White (1860) 5 Minn. 139 (178).

Again, in Merrill v. Dearing (1891) 47 Minn. 137, 49 N. W. 693, it was held in an action of ejectment that a plaintiff might, under our system of practice, allege in his complaint, and prove, facts showing him to be the equitable owner of land, and thereupon recover as against the holder of the legal title or a stranger, but that he must exhibit the nature of his equitable title in his complaint, for the law had not dispensed with the necessity of pleading the facts showing such equitable title. And in an action to determine adverse claims to real property the same rule of pleading was adhered to. Stuart v. Lowry (1892) 49 Minn. 91, 51 N. W. 662.

Briefly stated, the rule which has prevailed in this jurisdiction since 1860 is that the holder of the equitable title to real property in an action to determine the right of possession must allege his equities in his pleading so fully and completely that a court of equity would, under the old practice, have granted him adequate relief and have awarded him possession, or confirmed his right of possession as against the holder of the adverse legal title.

Counsel for defendants relies upon the case of Kipp v. Bullard, 30 Minn. 84, 14 N. W. 364, as supporting his claim that, where a complaint in ejectment merely alleges plaintiff's title generally, without disclosing by what means it was acquired, the defendant may, under a general denial, prove and establish his equities. There is nothing in that opinion which justifies the claim. The plaintiff there brought ejectment, and his complaint alleged title to the 160 acres in question and right to possession without disclosing his source of title. The answer denied plaintiff's title, and averred title in defendant. At the trial plaintiff sought to establish his title through an execution sale, while defendant was allowed to prove that when the judgment was docketed, and when the sale was made, 80 acres of the land was the homestead of the judgment debtor. The objections to this proof, and the point made on appeal, were that there was no allegation in the answer that a part of the 160 acres was the debtor's homestead. This court held that such an allegation was not essential. The claim made by defendant upon the trial of that case and the defense relied upon were not in equity. The defendant asserted a statutory exemption, and did not depend upon equitable rights at all. His right to insist upon a homestead

exemption was purely legal, and available in any form of action involving ownership of the land or the right of possession.

In view of the fact that, if another trial is had, it must be upon an entirely different answer, we do not deem it advisable to discuss other assignments of error.

Order reversed.

MITCHELL, J.

I concur. I think the following is the true test as to whether, in action of ejectment, a defendant can prove an equity under a general denial: If he has an equitable estate, which, as it exists and without any affirmative relief, defeats plaintiff's claim to the possession, it may be proved under a general denial, being strictly defensive in its nature. But, if the equity is such that it does not give the defendant the right of possession as against the legal title without affirmative relief enforcing the equity, then the defendant must plead the facts entitling him to such relief, the matter being in the nature of a counterclaim. The defendant's equity in this case, if he has one, is of the latter kind. He has no equitable estate, but merely an equity entitling him to a title which can only be acquired by having the plaintiff adjudged a trustee of the legal title for his benefit. See Newell, Ej. § 56, and cases cited.