COMMONWEALTH TITLE INSURANCE AND TRUST COMPANY v. ENGEBRET K. DOKKO.

| 72 | 229 |
| 77 | 441 |

May 12, 1898.

Nos. 10,997—(150).

**Ejectment—Usury in Mortgage as Defense under General Denial— Evidence.**

In an action of ejectment where the complaint is in the usual form, merely averring ownership in fee in the plaintiff of the premises described, and that he is entitled to the possession, and that the defendant unlawfully withholds the same, evidence of usury in the consideration of a mortgage by virtue of which the plaintiff claimed title is admissible as a defense under the general issue.

Appeal by defendant from an order of the district court for Norman county, Ives, J., denying a motion for a new trial. Reversed.

Mosness & Combs, for appellant.

A. C. Wilkinson, for respondent.

BUCK, J.

This is an action in ejectment to recover the possession of 160 acres of land in Norman county. The plaintiff is a corporation organized under the laws of the state of Pennsylvania, and claims a title in fee simple to the premises in dispute, obtained through a mortgage dated April 16, 1889, executed by the defendant, Dokko, and wife to the Northwestern Guaranty Loan Company of Minneapolis, and by it assigned to plaintiff November 27, 1891, which

mortgage was duly foreclosed, and the premises bid in by the plaintiff at such foreclosure sale. Plaintiff demands judgment for the possession of the premises, and damages for the withholding thereof. Answer, a general denial, except in admission of possession and claim of ownership of the land.

There is no dispute as to the regularity of the foreclosure proceedings, and that plaintiff purchased the premises at the foreclosure sale for the amount due with costs. When the parties rested, the court directed a verdict in favor of the plaintiff, as follows: That plaintiff is the owner of and entitled to the premises described in the complaint, and to have judgment for $35 rental value for withholding said premises, and $5 cost of serving papers. From an order denying the defendant's motion for a new trial, the defendant appeals.

The complaint merely alleges that the plaintiff is the owner of the land in controversy, but does not disclose the manner in which such title was obtained, and hence the defendant properly put the plaintiff's title in issue by the general denial in his answer. On the trial the defendant attempts to prove that the mortgage on which the plaintiff relied for its title to the premises in question was void because tainted with usury. The plaintiff objected upon the ground that usury could not be given in evidence under a general denial, but ought to have been specially pleaded, and that defendant is estopped by his failure to defend against the foreclosure proceedings at the time when they were pending. The court sustained the objection. In this we think the court erred.

In actions of ejectment at common law the defendant could plead nothing but the general issue of not guilty and the statute of limitations. Tyler, Ej. 464, 467. But, as a general rule, this plea put in issue every material allegation of the complaint, and cast the burden of sustaining each by completed proof on the plaintiff. Newell, Ej. 247. And it is the general rule that under the general issue the defendant in ejectment may offer evidence of any matter tending to defeat the plaintiff's action. 7 Enc. Pl. & Prac. 340, and numerous cases there cited. There may be exceptions to this rule, but the case at bar is not one of them. In Pomeroy's Code Remedies (section 679) the rule is thus stated:

"In an action to recover possession of land, if the complaint is in the usual form, merely averring that the plaintiff is owner in fee of the premises described and entitled to their possession, and that the defendant unlawfully withholds the same, the general denial admits proofs of anything that tends to defeat the title which the plaintiff attempts to establish on the trial."

In Holton v. Button, 4 Conn. 437, it was held that in an action of ejectment evidence of usury in the consideration of a mortgage by virtue of which the plaintiff claimed title was admissible as a defense under the general issue. This case was similar to the one under consideration. In Hills v. Eliot, 12 Mass. 26, it was held that in a real action a purchaser may avoid a prior conveyance from his grantor by giving usury in evidence under the general issue. See, also, Kipp v. Bullard, 30 Minn. 84, 14 N. W. 364; Sparrow v. Rhoades, 76 Cal. 208, 18 Pac. 245; Lain v. Shepardson, 23 Wis. 224–228; Lombard v. Cowham, 34 Wis. 486. This rule seems reasonable, because the defendant, not being apprised of the source of title upon which the plaintiff relies, might, by setting up a specific ground of defense in his answer, be taken by surprise by the plaintiff's evidence revealing an entirely different ground for his cause of action than that supposed by the defendant, and against which his answer was interposed. As was said by this court in Kipp v. Bullard, supra, at page 85:

"The defendant in such case is not bound to anticipate what the plaintiff will rely upon to establish his allegation of title, but, when plaintiff's proofs are in, may disprove, or show that for any cause the plaintiff did not, by means of the facts so proved, acquire the title."

Now, while upon the face of the papers, the title may have appeared to pass to the plaintiff, yet, if the defendant's contention is true, that the consideration in the mortgage was tainted with usury, the defendant should have been permitted to prove it, as such an illegal consideration would have rendered it invalid, and the foreclosure proceeding valueless. Even though the assignment of the mortgage was bona fide, it was not entitled to the protection applicable to negotiable paper, and passed into the hands of the plaintiff subject to all equities existing at that time against

the mortgagee. See Watkins v. Goessler, 65 Minn. 118, 67 N. W. 796, where the decisions of this court upon the subject are cited.

Of course, the fact that the plaintiff made the foreclosure, and bid in the premises in its own name, does not give it any better position, or give it any more legal or equitable rights, than it had before. It is not claimed that any money was paid for the premises at such foreclosure sale, but they were retained on the plaintiff's bid as assignee of the mortgage. If plaintiff paid a consideration, it did so before the foreclosure, and not thereafter. It therefore had no greater equity arising by reason of the purchase at the foreclosure sale than in the original purchase of the mortgage itself.

Order reversed.