TRAVELERS' INSURANCE COMPANY OF HARTFORD v. MARY J.
WALKER and Another.

October 23, 1899.

Nos. 11,721—(33).

**Ejectment—Allegation of Title—General Denial—Equity of Defendant.**
    Where the complaint in an action of ejectment alleges the plaintiff's
    title generally, without disclosing the source of it or his right of posses-
    sion, if the defendant has an equity which, as it exists, and without any
    affirmative relief, defeats the plaintiff's right of possession, it may be
    proved under a general denial, being strictly defensive. But if the
    equity is such that it does not give the defendant the right of possession,
    as against the legal title, without affirmative relief enforcing it, then he
    must plead the facts entitling him to such relief, the matter being in the
    nature of a counterclaim.   Rule applied, and *held*, that the defense which
    the defendants herein offered to prove falls within the first subdivision
    thereof.

Action in the district court for Stevens county to recover posses-
sion of land and $1,500 damages for withholding the same.   The
case was tried before Qvale, J., who directed a verdict in favor of
plaintiff; and from an order denying a motion for a new trial, de-
fendants appealed.   Reversed.

*Lewis C. Spooner* and *John P. Rea*, for appellants.

*William C. Bicknell, Fred E. Smith*, and *S. A. Flaherty*, for re-
spondent.

START, C. J.
    Action of ejectment to recover possession of a section of land in
the county of Stevens.

    The complaint alleged that the plaintiff is, and has been since
May 4, 1896, the owner in fee of the premises, and that the defend-
ants are now, and ever since that date have been, in the unlawful
possession thereof, and unlawfully and without right or title with-
hold the same from the plaintiff.   The answer, in effect, was a gen-
eral denial, except it admitted that the defendants were in posses-
sion of the premises.   The prayer of the answer was for a dismissal
of the action.   On the trial the plaintiff introduced in evidence a

mortgage on the premises executed by the defendants as security for a loan, and proved a foreclosure of the mortgage by advertisement regular on the face of the proceedings, and a sale thereunder to itself on May 4, 1895, for the full amount claimed in the notice of sale, and rested.

Thereupon the defendants offered to prove, in effect, that the plaintiff claimed in its notice of the foreclosure of the mortgage $3,000 more than the amount of the mortgage debt, and that for that reason they objected to the foreclosure proceedings; that the plaintiff then conceded that the amount claimed was excessive, but stated that it did not then have at hand the data for ascertaining the true amount of the mortgage debt; that thereupon it was agreed between the parties that if the defendants would not resist the foreclosure sale, and would permit the plaintiff in form to consummate the foreclosure, and the defendant Mary J. Walker would permit it to retain certain other securities (to her belonging) for the payment of the mortgage debt, and also execute to it her note for $1,000, to be secured by a chattel mortgage on the crops to be raised on the premises in the year 1895, as further collateral security for the payment of the mortgage debt, the defendants should be entitled to retain the undisturbed possession of the premises until the true amount due upon the mortgage debt should be ascertained, and that the plaintiff would hold the certificate of sale to be issued on such foreclosure, and the collateral security, including the note and chattel mortgage for $1,000, as security for the payment of the actual amount due on the real-estate mortgage to be foreclosed, which amount was to be paid by the defendants when the amount thereof was ascertained by an accounting between the parties; that the defendants, and each of them, performed all of the conditions of the agreement on their part in reliance thereon; that the $1,000 note so given as collateral security was duly paid, with other sums, in reduction of the true amount of the mortgage debt; that the plaintiff refuses to account with the defendants, and the amount due the plaintiff has never been ascertained, but the defendants are willing and able to pay to the plaintiff the full amount due to it on account of its mortgage debt as soon as it can be ascertained or established.

The plaintiff objected to the evidence offered, on the ground that the action was one at law to recover on a legal title, and that the offer indicated that the defendants relied upon an equitable defense, and the evidence to prove it was not admissible, because the defense was not pleaded. The trial court sustained the objection, excluded the evidence, and instructed the jury to return a verdict for the plaintiff. The defendants appealed from an order denying their motion for a new trial.

No claim is, or can be successfully, made that the facts offered to be proven would not constitute a defense to the action. The only question, then, on this appeal, is whether the defendants were bound to plead specially the defense they sought to prove. The rule of pleading, as to when and when not the defendant must specially plead his defense to an action of ejectment, where it is of an equitable nature, and the plaintiff has not alleged in his complaint the nature or source of his title, was tersely and clearly stated by Justice Mitchell in his concurring opinion in the case of Freeman v. Brewster, 70 Minn. 203, 72 N. W. 1068. It is this: Where the complaint in an action of ejectment merely alleges the plaintiff's title generally, without disclosing the source of his title or right of possession, if the defendant has an equity

"Which, as it exists and without any affirmative relief, defeats plaintiff's claim to the possession, it may be proved under a general denial, being strictly defensive in its nature. But, if the equity is such that it does not give the defendant the right of possession as against the legal title without affirmative relief enforcing the equity, then the defendant must plead the facts entitling him to such relief, the matter being in the nature of a counterclaim.".

Or, in other words, if it be such an equity as negatives the plaintiff's right of possession, then it is a defense, and may be proved under a general denial. But if the defendant holds under a contract which does not of itself give him the right of possession, but does give him a right to demand a specific performance of the contract by the plaintiff, upon which his right to retain possession of the premises depends, he must plead the facts entitling him to such relief. Dale v. Hunneman, 12 Neb. 221, 10 N. W. 711; Newell, Ej. 681, § 56; Bliss, Code Pl. § 349.

The only question in this case is whether the defendants' offer brings the case within the first or second subdivision of the rule we have stated. Clearly, within the first, for the defendants offered to prove a contract which by its terms gave them the right to retain possession of the premises until an accounting between the parties could be had. The contract was based upon a valuable consideration. The defendants were not in default, for they had performed all of the conditions of the contract on their part, and the accounting, which was to terminate their right to possession under the contract, had not been had by reason alone of the plaintiff's default. If the terms of the contract were such that the defendants were not entitled to possession until it had been specifically performed on the part of the plaintiff, or the defendants themselves were in default and dependent on a court of equity to relieve them, we should have a case falling under the second subdivision of the rule. Such were the cases of Williams v. Murphy, 21 Minn. 534, and Freeman v. Brewster, supra, relied upon by the plaintiff.

If the offer of the defendants in this case was true, they were not obliged to call upon the court to decree an accounting and a specific performance of the contract by the plaintiff as a basis for maintaining their right of possession, or to ask the court to relieve them from any default, for their right of possession rested upon the terms of a contract which they had performed. The defendants might have specially pleaded the facts they offered to prove as a counterclaim, and invoked the equitable powers of the court to decree an accounting and specific performance by the plaintiff; but the fact remains that they have not done so, but have elected to stand simply on the defensive. Whether their proposed defense be treated as an equitable one, as counsel on both sides seem to regard it, or in effect a legal one, it was not necessary to plead it specially. See Kipp v. Bullard, 30 Minn. 84, 14 N. W. 364; Com. Title Ins. & Trust Co. v. Dokko, 72 Minn. 229, 75 N. W. 106.

It follows that the trial court erred in excluding the defendants' offer of evidence, and that the order appealed from must be reversed, and a new trial granted. So ordered.

CANTY, J.

In concurring, I do not wish to be understood as conceding that this case is at all analogous to one where the plaintiff has the legal title, and the defendant either an equitable title or a mere enforceable equity. If the facts which the defendants offered to prove are true, the plaintiff has no title at all, and the defendant Mary J. Walker has the legal title; the plaintiff is a mere mortgagee of an unforeclosed mortgage, and defendant Walker is mortgagor holding the legal title; and the rule, "Once a mortgage always a mortgage," applies with full force. Then the case is much stronger in favor of defendants than it would be if Mary J. Walker held merely an executory contract of purchase, whether she was in default or not.