ISAAC ATWATER v. DAVID SPALDING and Others.[1]

May 2, 1902.

Nos. 12,894—(70).

**Ejectment—Pleading.**

In an action in ejectment, it is sufficient for the plaintiff to allege in his complaint that he is the owner and entitled to the possession of the land therein described, without further allegation as to the nature, quality, or kind of ownership relied upon.

Action of ejectment in the district court for Hennepin county. From an order, Elliott, J., overruling a demurrer to the complaint, defendants appealed. Affirmed.

*Welch, Hayne & Hubachek,* for appellants.

*Cohen, Atwater & Shaw,* for respondent.

COLLINS, J.

In Curtiss v. Livingston, 36 Minn. 380, 31 N. W. 357, it was said, obiter, that "in ejectment it is sufficient for plaintiff to allege that

[1] Reported in 90 N. W. 370.

he is the owner and entitled to the possession, and that the land is wrongfully withheld, without alleging in detail the particular facts on which his claim of title is based." This is a correct statement of the rule which should prevail whenever the statute requires, as it does in this jurisdiction, that all complaints shall contain a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition. That it would be so held by this court has been foreshadowed, in addition to the case above cited, in Kipp v. Bullard, 30 Minn. 84, 14 N. W. 364; Stuart v. Lowry, 49 Minn. 91, 51 N. W. 662; Freeman v. Brewster, 70 Minn. 203, 72 N. W. 1068; Parker v. Minneapolis & St. L. R. Co., 79 Minn. 372, 82 N. W. 673; while the case of McArthur v. Clark, infra, page 165, seems conclusive upon the question. This rule has been indorsed elsewhere. Garwood v. Hastings, 38 Cal. 216; Burt v. Bowles, 69 Ind. 1. See also Johnson v. Crookshanks, 21 Or. 339, 28 Pac. 78.

There are courts in which it has been held that in ejectment it is necessary to go further, and set up in the complaint the nature, quality, and kind of ownership, but we regard these decisions as altogether too narrow and technical for code pleading. "Owner," according to Black's Dictionary, is the person "in whom is vested the ownership, dominion, or title of property." Webster defines an "owner" as "one who owns; a rightful proprietor; one who has the legal or rightful title, whether he is the possessor or not.

In actions of replevin a plaintiff may, under our system, allege generally that he is the owner and entitled to the immediate possession of the property, and under such an allegation may prove any right of property, general or special, that entitles him to possession; Miller v. Adamson, 45 Minn. 99, 47 N. W. 452; Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185; Cumbey v. Lovett, 76 Minn. 227, 79 N. W. 99. There is no reason why the same rule should not apply in ejectment. Both actions are possessory. It is the "possessory title" which is important, and in both the plaintiff must show that he is entitled to immediate possession in order to recover, no matter in what form his title may be.

Order affirmed.