HELEN J. McARTHUR v. FREDERICK W. CLARK and Others.[1]

| 86 | 165 |
| f86 | 102 |

May 9, 1902.

Nos. 12,942—(121).

**Action for Partition.**

The rules of pleading, practice, and evidence applicable to civil actions generally apply to an action for partition under G. S. 1894, c. 74.

**Ownership—Pleading and Proof.**

A general allegation in a pleading of ownership of real property, in either a legal or equitable action, is sufficient to admit proof of any legal title held by the party so pleading.

**Same—Adverse Possession.**

The complaint in this action (one for the partition of real property) alleged, in general terms, plaintiff's ownership of an undivided portion of the land sought to be partitioned, and defendants' interest therein. Defendants answered (a) by general denial; and (b) alleging in general terms that defendants were the owners of the property. *Held*, that evidence of title by adverse possession was admissible under the answer. The effect of such evidence was more than to effect a bar to plaintiff's right of action, for it established a legal title in defendants, and was competent under the general allegation of ownership.

Appeal by plaintiff from an order of the district court for Hous-

[1] Reported in 90 N. W. 369.

ton county, Kingsley, J., denying a motion for a new trial. Affirmed.

*W. H. Harries*, for appellant.

*Duxbury & Duxbury*, for respondents.

BROWN, J.

Action for partition. Defendants had judgment, and plaintiff appealed from an order denying her motion for a new trial.

There is only one question presented in the case, and that is whether the trial court erred in receiving evidence offered by defendants tending to show title in them to the land in controversy by adverse possession.

Plaintiff alleges in her complaint, in general terms, that she is the owner of an undivided three-fourths of the land in controversy, that the defendants are the owners of an undivided one-fourth, that she is desirous of having a partition of the land, and prays judgment accordingly. The defendants answer (a) by a general denial; and (b) that the defendants are the owners in fee of the land described in the complaint, and in the possession thereof, and that plaintiff has no right, title, or interest therein. Plaintiff did not disclose in the complaint the source of her title, nor do defendants disclose the source of their title. On the trial, plaintiff offered certain documentary evidence tending to show the title to the property to be as alleged in the complaint, and rested her case, whereupon defendants offered evidence tending to show that they had been in actual, open, notorious, and continuous possession of the land for more than fifteen years, to which counsel for appellant objected on the ground that defendants had not alleged any such title in their answer. The court overruled the objection, received the evidence, and found as a fact that defendants were the owners of the land in controversy, by reason of such adverse possession; and judgment was ordered in her favor. The only question, as already suggested, is whether the evidence tending to prove defendants' title was admissible under the answer; the same not having been specifically pleaded.

The rule has long been settled in this state in respect to actions concerning rights in real property, and also rights in personal prop-

erty, that a general allegation of ownership in a pleading is sufficient to admit proof of any legal title, general or special. Kipp v. Bullard, 30 Minn. 84, 14 N. W. 364; Wells v. Masterson, 6 Minn. 401 (566); Miller v. Adamson, 45 Minn. 99, 47 N. W. 452; Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185; Stuart v. Lowry, 49 Minn. 91, 51 N. W. 662; Travelers Ins. Co. v. Walker, 77 Minn. 438, 80 N. W. 618; Freeman v. Brewster, 70 Minn. 203, 72 N. W. 1068. An allegation of title in general terms, without stating the source thereof, is an allegation of legal title only, and under such an allegation any legal title may be shown. Stuart v. Lowry, supra.

Though this is an action for partition, and may be classed, as counsel for appellant contends, as an equitable proceeding, G. S. 1894, c. 74, under which it is authorized and conducted, expressly provides that the proceedings shall be governed by the rules and provisions of law applicable to civil actions; and, in the nature of things, this includes all rules relating to pleading, practice, and evidence applicable to ordinary civil actions. In a complaint in ejectment, or an action to determine adverse claims, or in any action where the title to real property is involved, under a general allegation of ownership in the complaint a title by adverse possession may be shown. No reason occurs to us why the same rule should not apply to an answer and to a case where the defendant alleges generally that he is the owner of the property involved in the action, and entitled to its possession. If the plaintiff may prove title by adverse possession under such a general allegation, clearly the same rule should apply to the defendant.

Proof of facts constituting title by adverse possession is more than mere proof of the statute of limitations, as respects plaintiff's right of recovery. It goes beyond this, and not only bars his right of action, but shows an absolute legal title in defendant. Nelson v. Brodhack, 44 Mo. 596; Oldig v. Fisk, 53 Neb. 156, 73 N. W. 661; Fink v. Dawson, 52 Neb. 647, 72 N. W. 1037; Donahue v. Thompson, 60 Wis. 500, 19 N. W. 520; 13 Enc. Pl. & Pr. 284. There can be no distinction, so far as this rule of pleading is concerned, between legal and equitable actions. Of course, if an equitable title is relied upon, all facts constituting it must be specially pleaded, but

a legal title may be shown under a general allegation. Freeman v. Brewster, supra. A general allegation of ownership in an equitable action, whether shown in the complaint or answer, is just as effective and comprehensive as in an action at law, and admits of similar proof of title. Buckholz v. Grant, 15 Minn. 329 (406); Curtiss v. Livingston, 36 Minn. 380, 31 N. W. 357; Souter v. Maguire, 78 Cal. 543, 21 Pac. 183; Schneider v. Seibert, 50 Ill. 284; McKenzie v. Baldridge, 49 Ala. 564.

If the mere question as to whether plaintiff's right of action was barred by the statute of limitations was alone involved, then, within the decisions of this court, the statute would not be available to defendant unless pleaded. But the defense of title by adverse possession in the case at bar, as we have already suggested, goes further than to bar the plaintiff's right of action. It establishes legal title to the property in defendants. Clearly, under our rules of pleading in actions of this kind, whatever may be the rule in other states, the allegations of the answer were sufficient, and the evidence was properly received thereunder. La Plante v. Lee, 83 Ind. 159; Hill v. Bailey, 8 Mo. App. 85.

Order affirmed.